**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRK BRANDS, INC.,<br>GARY J. MORRIS, PH.D.,<br><br>        Plaintiffs,<br><br>    v.<br><br>NEST LABS, INC.,<br><br>        Defendant. | Civil Action No.: 13-cv-7900<br><br>Honorable Richard A. Posner<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT NEST LABS, INC.'S ANSWER TO PLAINTIFF BRK BRANDS INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Nest Labs, Inc. ("Nest"), by and through its undersigned counsel, answers the Second Amended Complaint for Patent Infringement ("Second Amended Complaint") of Plaintiffs BRK Brands Inc. ("BRK") and Gary J. Morris, Ph.D. ("Morris") (collectively "Plaintiffs") as follows:

### NATURE OF THE ACTION

1.       This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. and is brought by Plaintiffs against Nest for Nest's infringement of U.S. Patent Nos. 6,144,310 ("the '310 patent), 6,600,424 "the '424 patent"), 6,323,780 ("the '780 patent"), 6,784,798 ("the '798 patent"), 7,158,040 ("the '040 patent), and 6,377,182 ("the '182 patent") (collectively, "Patents-in-Suit").

**ANSWER:**    Nest admits that the Second Amended Complaint purports to state a claim for patent infringement under 35 U.S.C. §§ 1 et seq., related to U.S. Patent Nos. 6,144,310 ("the '310 patent"), 6,600,424 ("the '424 patent"), 6,323,780 ("the '780 patent"), 6,784,798 ("the '798 patent"), 7,158,040 ("the '040 patent"), and 6,377,182 ("the '182 patent") (collectively, "Patents-in-Suit").

## THE PARTIES

2.      BRK Brands, Inc. is a Delaware corporation with its principal place of business in Aurora, Illinois. BRK provides smoke and carbon monoxide alarms, home security solutions, fire extinguishers, and safety and cash boxes.

**ANSWER:**      Nest is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 2 of the Second Amended Complaint and on

that basis denies the allegations contained therein.

3.       Gary J. Morris, Ph.D., is a resident of Morgantown, West Virginia and is currently a Professor of Mechanical and Aerospace Engineering at West Virginia University. Dr. Morris is the owner and inventor of the '310 patent, the '424 patent, the '780 patent, the '798 patent, and the '040 patent (collectively, "Morris Patents").

**ANSWER:**      Except as expressly admitted herein, Nest is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 3

of the Second Amended Complaint and on that basis denies the allegations contained therein.

Nest admits that Dr. Gary Morris is the purported inventor of the '310, '424, '780, '798, and

'040 patents.

4.      Nest Labs, Inc. is a Delaware corporation with its principal place of business in Palo Alto, California.  Nest makes "next generation" thermostats and is currently advertising and offering for sale a new smoke and carbon monoxide alarm named Nest Protect. According to Nest, Nest Protect has not been shipped to any actual customers and will be made available to consumers some time in November.  Before developing the Nest Protect, Nest had never sold any smoke and carbon monoxide alarms.

**ANSWER:**      Except as expressly admitted herein, Nest denies the allegations

contained in paragraph 4 of the Second Amended Complaint.  Nest admits that Nest Labs is a

Delaware corporation with its principle place of business in Palo Alto, California. Nest admits

that it has advertised, offered for sale, and sold a product named Nest Protect, but that sales

were halted on or about April 2, 2014.  Nest further admits that it has never sold a smoke or

carbon monoxide alarm prior to its sale of the Nest Protect.

2

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

**ANSWER:**  Except as expressly admitted herein, Nest denies remaining allegations contained in paragraph 5 of the Second Amended Complaint.  Nest admits that BRK's Second Amended Complaint purports to state a claim for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and that, pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has subject matter jurisdiction over action arising under the Patent Laws of the United States.

6.  This Court has personal jurisdiction over Nest. Nest has committed acts of infringement in this Judicial District in violation of 35 U.S.C. § 271, and places infringing products into the stream of commerce, with the knowledge or understanding that such products will be sold and used in this Judicial District. Nest offers its products for sale on its website (www.nest.com).  Additionally, Nest partners with various certified professionals that have been "trained and certified by Nest." A printout from Nest's website is attached as Exhibit G. Nest instructs its customers to contact these "certified professionals" to "buy a Nest product or arrange installation." *Id.*

**ANSWER:**  Except as expressly admitted herein, Nest denies the allegations contained in paragraph 6 of the Second Amended Complaint.  Nest admits that it has advertised, offered for sale, and sold a product named Nest Protect, including on its website, but that sales were halted on or about April 2, 2014.  Nest also admits it offers installation professionals the opportunity to become "Nest Certified."  Such installation professionals are independent contractors and are neither agents nor employees of Nest.  For the purposes of this action only, Nest does not contest that it is subject to personal jurisdiction in this District.

7.  Venue is proper in this Court under 28 U.S.C. § 1391(b) and 1400(b).

**ANSWER:**  Except as expressly admitted herein, Nest denies the allegations contained in paragraph 7 of the Second Amended Complaint. For purposes of this action only,

3

Nest does not contest that venue is proper in this District.

## FACTUAL BACKGROUND

8.     Plaintiffs incorporate Paragraphs 1 through 7 of their Complaint as if fully set forth herein.

**ANSWER:**     Nest repeats and incorporates by reference its responses as set forth in paragraphs 1 through 7 above.

9.     The Morris Patents are related patents, invented by Dr. Morris. Dr. Morris licensed the Morris Patents to BRK on December 22, 1999. The December 1999 License Agreement is attached as Exhibit I.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 9 of the Second Amended Complaint. Nest admits that Exhibit I purports to be a copy of a December 1999 License agreement between Dr. Morris and BRK dated December 22, 1999.  Beyond the purported identity of this document, Nest is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Second Amended Complaint and on that basis denies the allegations contained therein.

10.     On November 4, 2013, Dr. Morris entered into an Amendment to the December 1999 License Agreement providing BRK all substantial rights to the Morris Patents for all fields of use as to defendant Nest. The Amendment to the December 1999 License Agreement is attached as Exhibit J. Dr. Morris has retained only his ownership to the Morris Patents, a limited reversionary right to sue that has no applicability here, as well as the right to collect royalties for the licensing of the Morris Patents, and as such, Dr. Morris no longer has any right to license the Morris Patents to any other person or entity.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 10 of the Second Amended Complaint.  Nest admits Exhibit J purports to be a copy of an amendment to the December 1999 License Agreement, between Dr. Morris and BRK dated November 4, 2013.  Beyond the purported identity of this document, Nest is

without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint and on that basis denies the allegations contained therein.

11.     While Dr. Morris was employed at West Virginia University ("WVU") at the time he filed the applications that resulted in the Morris Patents, WVU has no ownership interest in the Morris Patents.

**ANSWER:**     Nest is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Amended Complaint and on that basis denies the allegations contained therein.

12.     Specifically, in a Memorandum dated August 23, 2001, WVU acknowledged that it had no ownership interest in the Morris Patents. That Memorandum was signed by Dr. Morris, the Chair of Dr. Morris' department and the Dean of his college. A copy of the WVU Memorandum is attached as Exhibit K.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 12 of the Second Amended Complaint. Nest admits that Exhibit K purports to be a copy of a WVU Memorandum, purportedly dated August 23, 2001. Beyond the purported identity of this document, Nest is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint and on that basis denies the allegations contained therein.

13.     As reflected in the August 23, 2001 WVU Memorandum, WVU and Dr. Morris acknowledged his commercial relationship with BRK as an "independent entity and independent inventor." *See* Ex. K.  WVU and Dr. Morris further agreed and acknowledged that "[a]ll past, present, and future transactions and relationships between BRK Brands, Inc. and Gary J. Morris, as an independent entity, remain strictly confidential information between the parties and are considered completely independent of this research project and completely independent of West Virginia University." *Id.*  Further, the parties also agreed that even though BRK was sponsoring research at WVU, that fact did not entitle WVU to any claim of ownership of intellectual property that was "solely owned by Gary J. Morris, which has been or will be licensed or assigned to BRK." *Id.*

**ANSWER:**     Nest is without knowledge or information sufficient to form a belief as to

5

the truth of the allegations contained in paragraph 13 of the Second Amended Complaint and on

that basis denies the allegations contained therein.

14.     On November 15, 2013, WVU sent Dr. Morris a letter reiterating and reconfirming its position that it has no ownership interest in the Morris Patents. A copy of that letter is attached as Exhibit L. In that letter, WVU also re-confirmed that the Morris Patents are not subject to WVU's intellectual property policy. *Id.*

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations

contained in paragraph 14 of the Second Amended Complaint. Nest admits that Exhibit L

purports to be a copy of a letter from WVU to Dr. Morris, purportedly dated November 15,

2013.     Beyond the purported identity of this document, Nest is without knowledge and

information sufficient to form a belief as to the truth of the allegations contained in paragraph

14 of the Second Amended Complaint and on that basis denies the allegations contained therein.

15.     The '182 patent was invented by BRK engineers and is unrelated to the Morris Patents. The named inventors of the '182 patent are Mark Devine, Mark Watson, Andrew Ivanecky, Lulzim Osmani, Kenneth Venzant, and Samuel Lopez. The '182 patent is assigned to BRK.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations

contained in paragraph 15 of the Second Amended Complaint.  Nest admits that on its face, the

'182 patent lists the purported inventors as Mark Devine, Mark Watson, Andrew Ivanecky,

Lulzim Osmani, Kenneth Venzant, and Samuel Lopez and states that it is purportedly assigned

to BRK.  Nest is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 15 of the Second Amended Complaint and on that basis

denies the allegations contained therein.

16.     Nest has been on notice of the Patents-in Suit since at least the filing of the initial Complaint in this case on November 4, 2013.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations

contained in paragraph 16 of the Second Amended Complaint. Nest admits that it has had notice

of the patents-in-suit since November 4, 2013, when the first Complaint was filed.

17.     Before the introduction of BRK's smoke and carbon monoxide alarm, home owners would only hear a loud beeping noise from alarms to indicate some kind of danger. BRK revolutionized the home safety industry when it introduced its smoke and carbon monoxide alarms in 2003, which provide a home owner with the type and location of danger through a talking alarm.  BRK further revolutionized the home safety market when it introduced alarms with its patented smoke vent system that helps to reduce the number of false alarms.

**ANSWER:**     Nest denies the allegations of paragraph 17.

18.     As a direct result of its innovations, BRK has achieved significant commercial success and is the market leader in the area of smoke and carbon monoxide alarms.

**ANSWER:**     Nest denies the allegations of paragraph 18.

19.     BRK's smoke and carbon monoxide alarms prominently display that they are covered by the Patents-in-Suit. For example, BRK's PC900V model indicates that it is covered by each of the Patents-in-Suit. BRK's SCO7CN model states that it is covered by the '182 patent.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations

contained in paragraph 19 of the Second Amended Complaint.  Nest denies that BRK's smoke

and carbon monoxide alarms "prominently display that they are covered by the Patents-in-Suit."

Nest is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 19 of the Second Amended Complaint and on that basis

denies the allegations contained therein.

20.     BRK's smoke and carbon monoxide alarms further highlight the patented features.  For example, BRK's PC900V model prominently features that it has "Voice & Location Technology" to "[h]elp quickly identify the danger," as well as a "Patented Smoke Entry System," which results in "Fewer False Alarms": [*Image Omitted*]

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations

contained in paragraph 20 of the Second Amended Complaint.  To the extent BRK has

accurately reproduced the packaging for its PC900V model in paragraph 20, the packaging

7

speaks for itself. Nest is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Second Amended Complaint and on that basis denies the allegations contained therein.

21.     BRK's SCO7CN model similarly highlights that it has an "Exclusive Talking Alarm," which "[t]ells you [the] type and location of danger": [*Image Omitted*]

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 21 of the Second Amended Complaint. To the extent BRK has accurately reproduced the packaging for its PC900V model in paragraph 21, the packaging speaks for itself. Nest is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Second Amended Complaint and on that basis denies the allegations contained therein.

22.     The SC07CN model further identifies BRK's First Alert® Smoke & Carbon Monoxide Alarm as "The Most Trusted Name In Home Safety": [*Image Omitted*]

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 22 of the Second Amended Complaint. To the extent BRK has accurately reproduced the packaging for its PC900V model in paragraph 22, the packaging speaks for itself. Nest is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Second Amended Complaint and on that basis denies the allegations contained therein.

23.     BRK has expended considerable resources investing in research and development, marketing, and sales related to its patented smoke and carbon monoxide alarms to ensure maximum safety for its customers.

**ANSWER:**     Nest is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Second Amended Complaint and on this basis denies the allegations contained therein.

24.     BRK has also expended considerable resources to exclusively license the Morris Patents.

**ANSWER:**     Nest is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Second Amended Complaint and on that basis denies the allegations contained therein.

25.     Nest recently began advertising and is now selling the Accused Product, the Nest Protect, on its website.  *See* Ex. M.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 25 of the Second Amended Complaint.  Nest admits that it has advertised, offered for sale, and sold Nest Protect on its website in 2013, but that sales were halted on or about April 2, 2014.

26.     The Nest Protect is advertised as a smoke and carbon monoxide alarm:  [*Image omitted*]

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 26 of the Second Amended Complaint. Nest admits that the Nest Protect has previously been advertised as a smoke and carbon monoxide alarm.

27.     Like BRK's patented products, the Nest device provides verbal (in English or Spanish) alerts. When it senses smoke, it first gives a verbal warning about the type of problem and its location in the house.  *See* Ex. H.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 27 of the Second Amended Complaint.  Nest admits that the Nest Protect offers voice alerts in English or Spanish.  Nest admits that when the Nest Protect detects smoke, it provides a voice alert regarding the smoke and may be configured to provide a voice alert regarding the location of the smoke.

28.     The Nest alarm provides different types of voice warnings, including a "heads-up" and an emergency alarm.  *See id.*  For example, the device can alert "head's up, there is

9

smoke in the dining room" or "emergency, there is smoke in the living room" and also provide a tonal alert and flashing red light. *See id.*

**ANSWER:** Except as expressly admitted herein, Nest denies the allegations contained in paragraph 28 of the Second Amended Complaint. Nest admits that the Nest Protect may provide different types of voice warning, including a "heads-up" and an emergency alarm. Nest admits that the Nest Protect is capable of providing a tonal alert and red light.

29.     According to Nest's website, Nest recently started shipping the Nest Protect to consumers. *See* Ex. M.

**ANSWER:** Except as expressly admitted herein, Nest denies the allegations contained in paragraph 29 of the Second Amended Complaint. Nest admits that it has shipped Nest Protect to customers, but that sales were halted on or about April 2, 2014.

30.     As part of its instructions to purchasers of the Nest Protect devices, Nest instructs users how to connect two or more Nest Protect devices so that they operate together. *See, e.g.,* http://reviews.cnet.com/smart-home/nest-protect/4505-9788_7- 35828549.html?part=rss&subi=cnet&tag=title.

**ANSWER:** Except as expressly admitted herein, Nest denies the allegations contained in paragraph 30 of the Second Amended Complaint. Nest admits that the webpage identified in the allegation purports to be a C/NET review of the Nest Protect that references Nest Protect's ability to connect to a WiFi network.

31.     Nest offers for sale and sells its products both on its website and through retailers, including the Apple Store, Best Buy, and Home Depot, for $129 per unit. Ex. *H; see also* Ex. G.

**ANSWER:** Except as expressly admitted herein, Nest denies the allegations contained in paragraph 31 of the Second Amended Complaint. Nest admits that it has offered for sale, and sold a product named Nest Protect, but that sales were halted on or about April 2, 2014.

32. The product will soon be available for purchase in more than 5,000 stores in the U.S., Canada, and United Kingdom. *See id.*

**ANSWER:** Except as expressly admitted herein, Nest denies the allegations contained in paragraph 32 of the Second Amended Complaint. Nest admits that Nest may have made this statement historically, but that Nest Protect is currently not available for purchase.

**FIRST CLAIM: INFRINGEMENT OF U.S. PATENT NO. 6,144,310**

33. Plaintiffs incorporate Paragraphs 1 through 32 of their Complaint as if fully set forth herein.

**ANSWER:** Nest repeats and incorporates by reference its responses as set forth in paragraphs 1 through 32 above.

34. On November 7, 2000, the United States Patent and Trademark Office duly and legally issued the '310 Patent, entitled "Environmental Condition Detector with Audible Alarm and Voice Identifier." A copy of the '310 Patent is attached as Exhibit A.

**ANSWER:** Except as expressly admitted herein, Nest denies the allegations contained in paragraph 34 of the Second Amended Complaint. Nest admits that on its face, the '310 Patent states that it is entitled "Environmental Condition Detector with Audible Alarm and Voice Identifier" and was issued by the United States Patent and Trademark Office on November 7, 2000. Nest specifically denies that the '310 Patent was duly and legally issued. Nest admits that Exhibit A appears to be a copy of the '310 Patent.

35. The '310 Patent is marked on BRK's smoke and carbon monoxide alarm products.

**ANSWER:** Nest denies the allegations contained in paragraph 35 of the Second Amended Complaint.

36. On information and belief, Nest has knowledge of the '310 Patent because it is marked on BRK's smoke and carbon monoxide alarm products.

**ANSWER:** Nest denies the allegations contained in paragraph 36 of the Second

11

Amended Complaint.

37.     Nest has infringed and is infringing, either literally or under the doctrine of equivalents, the '310 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Nest Protect product.

**ANSWER:**     Nest denies the allegations contained in paragraph 37 of the Second Amended Complaint.

38.     The Nest Protect product infringes at least Claims 5, 11, 12, and 13 of the '310 Patent.

**ANSWER:**     Nest denies the allegations contained in paragraph 38 of the Second Amended Complaint.

39.     Plaintiffs have been and continue to be damaged by Nest's infringement of the '310 Patent, in an amount to be determined at trial.

**ANSWER:**     Nest denies the allegations contained in paragraph 39 of the Second Amended Complaint.

40.     Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Nest's infringement of the '310 Patent is preliminarily and permanently enjoined by this Court.

**ANSWER:**     Nest denies the allegations contained in paragraph 40 of the Second Amended Complaint.

41.     Upon information and belief, Nest's infringement of the '310 Patent is, and has been, willful.

**ANSWER:**     Nest denies the allegations contained in paragraph 41 of the Second Amended Complaint.

42.     Nest's infringement of the '310 Patent is exceptional, and thus, pursuant to 35 U.S.C. §285, Plaintiffs are entitled to its reasonable attorneys' fees and costs incurred in prosecuting this action.

**ANSWER:**     Nest denies the allegations contained in paragraph 42 of the Second

Amended Complaint.

## SECOND CLAIM:  INFRINGEMENT OF U.S. PATENT NO. 6,600,424

43.    Plaintiffs incorporate Paragraphs 1 through 42 of their Complaint as if fully set forth herein.

**ANSWER:**    Nest repeats and incorporates by reference its responses as set forth in

paragraphs 1 through 42 above.

44.    On July 29, 2003, the United States Patent and Trademark Office duly and legally issued the '424 Patent, entitled "Environment Condition Detector with Audible Alarm and Voice Identifier."  A copy of the '424 Patent is attached as Exhibit B.

**ANSWER:**    Except as expressly admitted herein, Nest denies the allegations

contained in paragraph 44 of the Second Amended Complaint.  Nest admits that on its face the

'424 Patent states that it is entitled "Environment Condition Detector with Audible Alarm and

Voice Identifier" and was issued by the United States Patent and Trademark Office on July 29,

2003.  Nest specifically denies that the '424 Patent was duly and legally issued. Nest admits that

Exhibit B appears to be a copy of the '424 Patent.

45.    The '424 Patent is marked on BRK's smoke and carbon monoxide alarm products.

**ANSWER:**    Nest denies the allegations contained in paragraph 45 of the Second

Amended Complaint.

46.    On information and belief, Nest has knowledge of the '424 Patent because it is marked on BRK's smoke and carbon monoxide alarm products.

**ANSWER:**    Nest denies the allegations contained in paragraph 46 of the Second

Amended Complaint.

47.    Nest has infringed and is infringing, either literally or under the doctrine of equivalents, the '424 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Nest Protect product.

**ANSWER:** Nest denies the allegations contained in paragraph 47 of the Second Amended Complaint.

48.    The Nest Protect product infringes at least Claims 2, 4, 8, 23, 25, 26, and 38 of the '424 Patent.

**ANSWER:** Nest denies the allegations contained in paragraph 48 of the Second Amended Complaint.

49.    Plaintiffs have been and continue to be damaged by Nest's infringement of the '424 Patent, in an amount to be determined at trial.

**ANSWER:** Nest denies the allegations contained in paragraph 49 of the Second Amended Complaint.

50.    Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Nest's infringement of the '424 Patent is preliminarily and permanently enjoined by this Court.

**ANSWER:** Nest denies the allegations contained in paragraph 50 of the Second Amended Complaint.

51.    Upon information and belief, Nest's infringement of the '424 Patent is, and has been, willful.

**ANSWER:** Nest denies the allegations contained in paragraph 51 of the Second Amended Complaint.

52.    Nest's infringement of the '424 Patent is exceptional, and thus, pursuant to 35 U.S.C. §285, Plaintiffs are entitled to its reasonable attorneys' fees and costs incurred in prosecuting this action.

**ANSWER:** Nest denies the allegations contained in paragraph 52 of the Second Amended Complaint.

### THIRD CLAIM:  INFRINGEMENT OF U.S. PATENT NO. 6,323,780

53.    Plaintiffs incorporate Paragraphs 1 through 52 of their Complaint as if fully set forth herein.

14

**ANSWER:**     Nest repeats and incorporates by reference its responses as set forth in paragraphs 1 through 52 above.

54.     On November 27, 2001, the United States Patent and Trademark Office duly and legally issued the '780 Patent, entitled "Communicative Environmental Alarm System with Voice Indication."  A copy of the '780 Patent is attached as Exhibit C.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 54 of the Second Amended Complaint.  Nest admits that on its face the '780 Patent states that it is entitled "Communicative Environmental Alarm System with Voice Indication." and was issued by the United States Patent and Trademark Office on November 27, 2001. Nest specifically denies that the '780 Patent was duly and legally issued.  Nest admits that Exhibit C appears to be a copy of the '780 Patent.

55.     The '780 Patent is marked on BRK's smoke and carbon monoxide alarm products.

**ANSWER:**     Nest denies the allegations contained in paragraph 55 of the Second Amended Complaint.

56.     On information and belief, Nest has knowledge of the '780 Patent because it is marked on BRK's smoke and carbon monoxide alarm products.

**ANSWER:**     Nest denies the allegations contained in paragraph 56 of the Second Amended Complaint.

57.     Nest had actual notice of the '780 Patent from at least the filing of the initial Complaint in this case on November 4, 2013.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 57 of the Second Amended Complaint.  Nest admits that Plaintiffs' November 4, 2013 Complaint referenced the '780 patents.

15

58.     Nest began shipping the Nest Protect products after November 4, 2013.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 58 of the Second Amended Complaint. Nest had manufactured and made arrangements to ship the Nest Protect products before November 4, 2013, but the first Nest Protect products did not leave the factory until after November 4, 2013.

59.     Nest instructs its users via its users' manual and its mobile application how to connect the Nest Protects together:  [*Image omitted*]  *See,   e.g.*,   http://reviews.cnet.com/smart-home/nest-protect/4505-9788_7-35828549.html?part=rss&subj=cnet&tag=title.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 59 of the Second Amended Complaint.  Nest admits that the webpage identified in the allegation purports to be a C/NET review of the Nest Protect.  Nest admits it provides a user manual with the Nest Protect.  Nest admits that the referenced C/NET review and Nest manuals refer to how a user may connect a Nest Protect to a WiFi network.

60.     Nest has infringed and is infringing, either literally or under the doctrine of equivalents, the '780 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Nest Protect product.

**ANSWER:**     Nest denies the allegations contained in paragraph 60 of the Second Amended Complaint.

61.     Nest further has induced infringement and is inducing infringement of the '780 Patent by instructing its customers how to connect two or more Nest Protects together.

**ANSWER:**     Nest denies the allegations contained in paragraph 61 of the Second Amended Complaint.

62.     The Nest Protect product infringes at least Claims 2, 4, 5, 6, 13, 17, 24, 42, 43, 44, 46, and 47 of the '780 Patent.

**ANSWER:**     Nest denies the allegations contained in paragraph 62 of the Second Amended Complaint.

16

63. Plaintiffs have been and continue to be damaged by Nest's infringement of the '780 Patent, in an amount to be determined at trial.

**ANSWER:** Nest denies the allegations contained in paragraph 63 of the Second Amended Complaint.

64. Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Nest's infringement of the '780 Patent is preliminarily and permanently enjoined by this Court.

**ANSWER:** Nest denies the allegations contained in paragraph 64 of the Second Amended Complaint.

65. Upon information and belief, Nest's infringement of the '780 Patent is, and has been, willful.

**ANSWER:** Nest denies the allegations contained in paragraph 65 of the Second Amended Complaint.

66. Nest's infringement of the '780 Patent is exceptional, and thus, pursuant to 35 U.S.C. §285, Plaintiffs are entitled to its reasonable attorneys' fees and costs incurred in prosecuting this action.

**ANSWER:** Nest denies the allegations contained in paragraph 66 of the Second Amended Complaint.

**FOURTH CLAIM: INFRINGEMENT OF U.S. PATENT NO. 6,784,798**

67. Plaintiffs incorporate Paragraphs 1 through 66 of their Complaint as if fully set forth herein.

**ANSWER:** Nest repeats and incorporates by reference its responses as set forth in paragraphs 1 through 66 above.

68. On August 31, 2004, the United States Patent and Trademark Office duly and legally issued the '798 Patent, entitled "Environmental Condition Detector with Audible Alarm and Voice Identifier." A copy of the '798 Patent is attached as Exhibit D.

**ANSWER:** Except as expressly admitted herein, Nest denies the allegations

17

contained in paragraph 68 of the Second Amended Complaint. Nest admits that on its face the '798 Patent states that it is entitled "Environmental Condition Detector with Audible Alarm and Voice Identifier" and that it was issued by the United States Patent and Trademark Office on August 31, 2004. Nest specifically denies that the '798 Patent was duly and legally issued. Nest admits that Exhibit D appears to be a copy of the '798 Patent.

69.     The '798 Patent is marked on BRK's smoke and carbon monoxide alarm products.

**ANSWER:**     Nest denies the allegations contained in paragraph 69 of the Second Amended Complaint.

70.     On information and belief, Nest has knowledge of the '798 Patent because it is marked on BRK's smoke and carbon monoxide alarm products.

**ANSWER:**     Nest denies the allegations contained in paragraph 70 of the Second Amended Complaint.

71.     Nest has infringed and is infringing, either literally or under the doctrine of equivalents, the '798 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Nest Protect product.

**ANSWER:**     Nest denies the allegations contained in paragraph 71 of the Second Amended Complaint.

72.     The Nest Protect product infringes at least Claims 1, 2, 25, and 26 of the '798 Patent.

**ANSWER:**     Nest denies the allegations contained in paragraph 72 of the Second Amended Complaint.

73.     Plaintiffs have been and continue to be damaged by Nest's infringement of the '798 Patent, in an amount to be determined at trial.

**ANSWER:**     Nest denies the allegations contained in paragraph 73 of the Second Amended complaint.

74.     Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Nest's infringement of the '798 Patent is preliminarily and permanently enjoined by this Court.

**ANSWER:**     Nest denies the allegations contained in paragraph 74 of the Second Amended Complaint.

75.     Upon information and belief, Nest's infringement of the '798 Patent is, and has been, willful.

**ANSWER:**     Nest denies the allegations contained in paragraph 75 of the Second Amended Complaint.

76.     Nest's infringement of the '798 Patent is exceptional, and thus, pursuant to 35 U.S.C. §285, Plaintiffs are entitled to its reasonable attorneys' fees and costs incurred in prosecuting this action.

**ANSWER:**     Nest denies the allegations contained in paragraph 76 of the Second Amended Complaint.

**FIFTH CLAIM:  INFRINGEMENT OF U.S. PATENT NO. 7,158,040**

77.     Plaintiffs incorporate Paragraphs 1 through 76 of their Complaint as if fully set forth herein.

**ANSWER:**     Nest repeats and incorporates by reference its responses as set forth in paragraphs 1 through 76 above.

78.     On January 2, 2007, the United States Patent and Trademark Office duly and legally issued the '040 Patent, entitled "Environmental Condition Detector with Audible Alarm and Voice Identifier."  A copy of the '040 Patent is attached as Exhibit E.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 78 of the Second Amended Complaint.  Nest admits that on its face the '040 Patent states that it is entitled "Environmental Condition Detector with Audible Alarm and Voice Identifier" and that it was issued by the United States Patent and Trademark Office on January 2, 2007.  Nest specifically denies that the '040 Patent was duly and legally issued.  Nest

19

admits that Exhibit E appears to be a copy of the '040 Patent.

79.     The '040 Patent is marked on BRK's smoke and carbon monoxide alarm products.

**ANSWER:**     Nest denies the allegations contained in paragraph 79 of the Second Amended Complaint.

80.     On information and belief, Nest has knowledge of the '040 Patent because it is marked on BRK's smoke and carbon monoxide alarm products.

**ANSWER:**     Nest denies the allegations contained in paragraph 80 of the Second Amended Complaint.

81.     Nest has infringed and is infringing, either literally or under the doctrine of equivalents, the '040 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Nest Protect product.

**ANSWER:**     Nest denies the allegations contained in paragraph 81 of the Second Amended Complaint.

82.     The Nest Protect product infringes at least Claims 1, 2, and 3 of the '040 Patent.

**ANSWER:**     Nest denies the allegations contained in paragraph 82 of the Second Amended Complaint.

83.     Plaintiffs have been and continue to be damaged by Nest's infringement of the '040 Patent, in an amount to be determined at trial.

**ANSWER:**     Nest denies the allegations contained in paragraph 83 of the Second Amended Complaint.

84.     Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Nest's infringement of the '040 Patent is preliminarily and permanently enjoined by this Court.

**ANSWER:**     Nest denies the allegations contained in paragraph 84 of the Second Amended Complaint.

85.     Upon information and belief, Nest's infringement of the '040 Patent is, and has been, willful.

**ANSWER:**     Nest denies the allegations contained in paragraph 85 of the Second Amended Complaint.

86.     Nest's infringement of the '040 Patent is exceptional, and thus, pursuant to 35 U.S.C. §285, entitles Plaintiffs to its reasonable attorneys' fees and costs incurred in prosecuting this action.

**ANSWER:**     Nest denies the allegations contained in paragraph 86 of the Second Amended Complaint.

**SIXTH CLAIM:  INFRINGEMENT OF U.S. PATENT NO. 6,377,182**

87.     Plaintiffs incorporate Paragraphs 1 through 86 of their Complaint as if fully set forth herein.

**ANSWER:**     Nest repeats and incorporates by reference its responses as set forth in paragraphs 1 through 86 above.

88.     On April 23, 2002, the United States Patent and Trademark Office duly and legally issued the '182 Patent, entitled "Smoke Detector with Sensor Having Improved Mounting Configuration."  A copy of the '182 Patent is attached as Exhibit F.

**ANSWER:**     Except as expressly admitted herein, Nest denies the allegations contained in paragraph 88 of the Second Amended Complaint.  Nest admits that on its face the '182 Patent states that it is entitled "Smoke Detector with Sensor Having Improved Mounting Configuration" and that it was issued by the United States Patent and Trademark Office on April 23, 2002. Nest specifically denies that the '182 Patent was duly and legally issued. Nest admits that Exhibit F appears to be a copy of the '182 Patent.

89.     The '182 Patent is marked on BRK's smoke and carbon monoxide alarm products.

**ANSWER:**     Nest denies the allegations contained in paragraph 89 of the Second

21

Amended Complaint.

90.    On information and belief, Nest has knowledge of the '182 Patent because it is marked on BRK's smoke and carbon monoxide alarm products.

**ANSWER:**    Nest denies the allegations contained in paragraph 90 of the Second Amended Complaint.

91.    Nest has infringed and is infringing, either literally or under the doctrine of equivalents, the '182 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Nest Protect product.

**ANSWER:**    Nest denies the allegations contained in paragraph 91 of the Second Amended Complaint.

92.    The Nest Protect product infringes at least Claims 8, 11, 20, and 30 of the '182 Patent.

**ANSWER:**    Nest denies the allegations contained in paragraph 92 of the Second Amended Complaint.

93.    BRK has been and continues to be damaged by Nest's infringement of the '182 Patent, in an amount to be determined at trial.

**ANSWER:**    Nest denies the allegations contained in paragraph 93 of the Second Amended Complaint.

94.    BRK has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Nest's infringement of the '182 Patent is preliminarily and permanently enjoined by this Court.

**ANSWER:**    Nest denies the allegations contained in paragraph 94 of the Second Amended Complaint.

95.    Upon information and belief, Nest's infringement of the '182 Patent is, and has been, willful.

**ANSWER:**    Nest denies the allegations contained in paragraph 95 of the Second Amended Complaint.

96.     Nest's infringement of the '182 Patent is exceptional, and thus, pursuant to 35 U.S.C. §285, BRK is entitled to its reasonable attorneys' fees and costs incurred in prosecuting this action.

**ANSWER:**     Nest denies the allegations contained in paragraph 96 of the Second Amended Complaint.

\*          \*          \*

Nest denies that BRK is entitled to the relief sought in items A through F in the Prayer for Relief Section of the Second Amended Complaint.

## DEFENSES/AFFIRMATIVE DEFENSE

Subject to the responses above, Nest alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed to be affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses and affirmative defenses described below, subject to its responses above, Nest specifically reserves all rights to allege additional defenses or affirmative defenses that become known through the course of discovery.

## FIRST DEFENSE/AFFIRMATIVE DEFENSE

1.     Nest has not infringed and is not infringing any claims of the '310, '424, '780, '798, '040, or the '182 patents (the "Patents-in-Suit"), either directly or by inducing or contributing to infringement by others, either literally, and/or under the doctrine of equivalents. BRK has also failed to adequately plead or state a claim for relief for inducing or contributing to infringement.

23

## SECOND DEFENSE/AFFIRMATIVE DEFENSE

2.      Each of the claims of the Patents-in-Suit is invalid and/or void for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 *et seq.*

## THIRD DEFENSE/AFFIRMATIVE DEFENSE

3.      The patents-in-suit, and each claim thereof, are unenforceable due to unclean hands.

## FOURTH DEFENSE/AFFIRMATIVE DEFENSE

4.      BRK is estopped from construing any valid claim of the Patents-in-Suit to cover or include, either literally or by application of the doctrine of equivalents, any product or service manufactured, used, imported, sold, or offered by Nest because of admissions and statements to the United States Patent and Trademark Office in the specification of those patents and during prosecution of the applications leading to the issuance of those patents.

## FIFTH DEFENSE/AFFIRMATIVE DEFENSE

5.      BRK is not entitled to enhanced or increased damages for willful infringement because Nest has not engaged in any conduct that meets the applicable standard for willful infringement. BRK has also failed to adequately plead or state a claim for relief for willful infringement.

## SIXTH DEFENSE/AFFIRMATIVE DEFENSE

6.      BRK is not entitled to injunctive relief because any alleged injury to BRK is not immediate or irreparable, and BRK has an adequate remedy at law.

24

## SEVENTH DEFENSE/AFFIRMATIVE DEFENSE

7.     Plaintiff's claims for damages, if any, against Nest for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

## EIGHTH DEFENSE/AFFIRMATIVE DEFENSE

8.     BRK cannot prove that this is an exceptional case justifying award of attorneys' fees against Nest pursuant to 35 U.S.C. § 285.

## NINTH DEFENSE/AFFIRMATIVE DEFENSE

9.     With respect to each purported claim for relief alleged in the Second Amended Complaint, BRK fails to state a claim against Nest upon which relief may be granted, including but not limited to any claim for infringement, contributory infringement, inducing infringement or willful infringement.

## TENTH DEFENSE/AFFIRMATIVE DEFENSE

10.     The claims alleged in the Second Amended Complaint are barred, in whole or in part, by the doctrine of laches and/or estoppel.

## ELEVENTH DEFENSE/AFFIRMATIVE DEFENSE

11.     Nest's investigation of its defenses is continuing, and Nest expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exists or in the future be available based upon discovery and further investigation in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Nest respectfully requests that the Court enter an Order and Judgment:

A.      Dismissing BRK's claims against Nest with prejudice;

B.      Denying all relief sought by BRK;

C.      That Nest has not infringed and is not directly or indirectly infringing any claim of any of the Patents-in-Suit, literally or under the doctrine of equivalents;

D.      That all asserted claims of the Patents-in-Suit are invalid and/or void and/or unenforceable;

E.      That this case is exceptional under 35 U.S.C. § 285;

F.      Awarding to Nest its costs, attorneys' fees, and expenses incurred in defending against BRK's Complaint; and

G.      Awarding Nest such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Nest hereby requests a trial by jury on all issues so triable.

DATED: April 9, 2014

Respectfully submitted,

/s/ John Letchinger

John Letchinger (#6207361)
Baker & Hostetler LLP
191 North Wacker Drive
Chicago, IL 60606-1901
(312) 416-6206
Fax: 312-416-6260

Kevin X. McGann (*pro hac vice*)
Jeffrey J. Oelke
John P. Scheibeler (*pro hac vice*)
John P. Padro (*pro hac vice*)
Vigen Salmastlian
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200

Marcus E. Sernel, P.C. (#6243853)
David Rokach (#6279703)
Reid P. Huefner (#6291648)
Louis A. Klapp (#6303722)
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654
Tel.: (312) 862-2000
Fax: (312) 862-2200
msernel@kirkland.com
drokach@kirkland.com
rhuefner@kirkland.com
louis.klapp@kirkland.com

*Attorneys for Defendant Nest Labs, Inc.*

27

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2014, I electronically filed the foregoing **DEFENDANT NEST LABS, INC.'S ANSWER TO PLAINTIFF BRK BRANDS INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all Counsel of Record.

By:   */s/ John Letchinger*

John Letchinger (#6207361)
Baker & Hostetler LLP
191 North Wacker Drive
Chicago, IL 60606-1901
(312) 416-6206
Fax: 312-416-6260

*One of the Attorneys for Defendant Nest Labs, Inc.*

1