UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRK BRANDS, INC., <br> GARY J. MORRIS, PH.D., <br><br> Plaintiffs, <br><br> v. <br><br> NEST LABS, INC., <br><br> Defendant. | Civil Action No.: 13-cv-7900 <br><br> Honorable Richard A. Posner |

**DEFENDANT NEST LABS, INC.'S MOTION TO BAR PLAINTIFFS FROM PROPOSING NEW CLAIM TERMS OR CLAIM CONSTRUCTIONS**

Defendant Nest Labs, Inc. ("Nest"), by and through its undersigned counsel, respectfully moves this Court for the entry of an order barring Plaintiffs from proposing new claim terms or offering claim constructions for disputed terms. Plaintiffs have waived their right to do so by virtue of their blanket assertion that "no terms require construction" (while, in the same breath, trying to reserve the right to submit constructions later). Moreover, Plaintiffs have violated this Court's March 24, 2014 Order with respect to the exchange of proposed claim constructions. Thus, to prevent prejudice to Nest and disruption to the orderly case schedule set by the Court, an order precluding Plaintiffs from proposing new claim terms or belatedly offering alternative claim constructions is necessary. In support of its Motion, Nest states as follows:

**STATEMENT OF PERTINENT FACTS**

This lawsuit involves alleged infringement of six (6) patents for smoke and carbon monoxide alarm products. On March 24, 2014, the Court ordered the parties to exchange their

1

lists of claim terms needing construction and their proposed constructions by April 21, 2014. (*See* D.E. 109, p. 2 (citing N.D. Ill. LPR 4.1) ("Order").) Briefing on claim constructions is scheduled to commence on May 5, with a Claim Construction Hearing scheduled for May 20. (*See id.*)

Pursuant to the Court's Order, Nest timely served Plaintiffs with its list of claim terms and proposed constructions on April 21, 2014. For their part of the exchange, however, Plaintiffs served Nest with a boilerplate statement that, for *all* asserted claims, "no terms require construction." (*See* Plaintiffs' Proposed Claim Terms and Constructions, attached hereto as Exhibit A, at p. 1.) Despite this blanket assertion, though, Plaintiffs have attempted to reserve their rights to propose new claim terms and offer alternative claim constructions at a later date. (*Id.* at pp. 1-2.)

## ARGUMENT

Because Plaintiffs have chosen to take a "no construction" approach, they should be precluded from later changing course and offering new claim terms or claim constructions. When a party does not request claim construction at the appropriate stage of the proceedings, it waives its right to do so. *See Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1360 (Fed. Cir. 2004); *Info. Tech. Innovation, LLC v. Motorola, Inc.*, 391 F. Supp. 2d 719, 724 (N.D. Ill. 2005); and *Negotiated Data Solutions, Inc. v. Apple, Inc.*, No. 11-CV-0390, 2012 U.S. Dist. LEXIS 176841, at *53-54 n.4 (E.D. Tex. Dec. 13, 2012).[1] Otherwise, a party could simply ignore the Court's scheduling order and eviscerate the purpose of requiring an exchange of constructions by holding back constructions to prejudice the opposing party. *See, e.g., Constant Compliance, Inc. v. Emerson Process Mgmt. Power & Water Solutions, Inc.*, 598 F. Supp. 2d 842, 845-46 (N.D.

---

[1] Nest, of course, recognizes that this Court is not bound by trial court holdings, but offers the decisions of several trial courts that have encountered a scenario similar to the one before this Court.

Ill. 2009). Allowing Plaintiffs to later alter their "no construction" approach would have that exact effect here.

As such, because Plaintiffs offered no construction for any claim term, instead affirmatively proclaiming that none is necessary, the Court should preclude them from taking a different position in the future. Whether on the basis of waiver or as a sanction pursuant to Rule 16(f) of the Federal Rules of Civil Procedure or this Court's inherent power,[2] this ruling is necessary to prevent unfair prejudice to Nest and disruption to the schedule set forth in the Order. *See, e.g.*, *Constant Compliance*, 598 F. Supp. 2d at 845 (deviations from the scheduling order would allow a party to gain "an unfair advantage by knowing the position of the adverse party prior to revealing its own position"); *Info. Tech. Innovation,* 391 F. Supp. 2d at 724 (rejecting the defendants' attempt to "effectively . . . force a delay in the claim construction process"); *see also, e.g.*, *Negotiated Data Solutions*, 2012 U.S. Dist. LEXIS 176841, at *53-54 n.4 (concluding that a party had improperly decided to "lay behind the log" with its "no construction" arguments and then later argue a proposed construction).

Indeed, in other cases where a party has simply sat back during the claim construction process, the court has adopted the opposing party's proposed constructions. *See, e.g.*, *Constant Compliance*, 598 F. Supp. 2d at 847-48; *Info. Tech. Innovation,* 391 F. Supp. 2d at 724. While Nest recognizes that the Court has the inherent power to adopt its own constructions, Nest respectfully requests that the Court consider adoption of Nest's constructions when assessing Plaintiffs' "no construction" approach.

WHEREFORE Defendant Nest Labs, Inc. respectfully requests that the Court enter an order (1) barring Plaintiffs from proposing new claim terms or offering claim constructions for

---

[2] *See Salmeron v. Enter. Recovery Sys.*, 579 F.3d 787, 793 (7th Cir. 2009) ("A district court has inherent power to fashion an appropriate sanction for conduct which abuses the judicial process.").

disputed terms, (2) adopting Nest's timely proposed claim constructions, (3) awarding such further relief that the Court deems proper and just.


DATED: April 25, 2014 	Respectfully submitted,

	*/s/ John Letchinger*

	John Letchinger (#6207361)
	Baker & Hostetler LLP
	191 North Wacker Drive
	Chicago, IL 60606-1901
	(312) 416-6206
	Fax: 312-416-6260

	Kevin X. McGann (*pro hac vice*)
	Jeffrey J. Oelke
	John P. Scheibeler (*pro hac vice*)
	John P. Padro (*pro hac vice*)
	Vigen Salmastlian
	White & Case LLP
	1155 Avenue of the Americas
	New York, NY 10036
	(212) 819-8200

	Marcus E. Sernel, P.C. (#6243853)
	David Rokach (#6279703)
	Reid P. Huefner (#6291648)
	Louis A. Klapp (#6303722)
	Kirkland & Ellis LLP
	300 North LaSalle
	Chicago, Illinois 60654
	Tel.: (312) 862-2000
	Fax: (312) 862-2200
	msernel@kirkland.com
	drokach@kirkland.com
	rhuefner@kirkland.com
	louis.klapp@kirkland.com

	*Attorneys for Defendant Nest Labs, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 25, 2014, I electronically filed the foregoing **DEFENDANT NEST LABS, INC.'S MOTION TO BAR PLAINTIFF FROM PROPOSING NEW CLAIM TERMS OR CLAIM CONSTRUCTIONS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all Counsel of Record.

                              By:  */s/ John Letchinger*

                              John Letchinger (#6207361)
                              Baker & Hostetler LLP
                              191 North Wacker Drive
                              Chicago, IL 60606-1901
                              (312) 416-6206
                              Fax: 312-416-6260

                              *One of the Attorneys for Defendant Nest Labs, Inc.*