# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BRK BRANDS, INC.,
GARY J. MORRIS, PH.D.,

                            Plaintiffs,

    v.

NEST LABS, INC.,

                            Defendant.

Civil Action No.: 1:13-cv-7900

The Honorable Richard A. Posner

## PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDER OF MARCH 24, 2014

Plaintiffs BRK Brands, Inc. ("BRK") and Gary J. Morris, Ph.D. ("Plaintiffs") hereby submit their Motion to Enforce the Court's Order of March 24, 2014 (Dkt. No. 112). The Court's Order of March 24, 2014 ("Order") requires the "[p]arties agree on no more than 10 claim terms needing construction." Dkt. No. 112 at 2. Defendant Nest Labs, Inc. ("Nest") refuses to abide by the Court's limitation on proposed claim terms. Specifically, rather than propose specific terms for construction, Nest has provided "categories" for construction. These categories include different claim language across different patents, attempting to construe them the same. By way of example, Nest groups together the phrases "manually settable [location] specifying member" of the '424 Patent and "circuit to provide for the selection of [language-type presentation]" of the '780 Patent, and seeks to have the Court construe them together. Not only does this proposal violate the Local Rules and this Court's Scheduling Order, it finds no support in the law. Accordingly, Plaintiffs respectfully request the Court order Nest to abide by the Court's claim term limiting provision.

## BACKGROUND

Pursuant to the Court's Order, the parties exchanged claim phrases needing construction and proposed constructions on April 21, 2014. Plaintiffs contended that no phrases of the asserted claims required constructions.[1] Nest proposed approximately 87 discrete claim phrases for construction. Nest then categorized these claim phrases into 26 "categories."

After the exchange of terms, the parties agreed that four (of ten) claim terms/phrases that Nest identified require construction.[2] The parties continued to engage in meaningful dialog to resolve a number of other constructions. *See* Ex. A. For example, Nest agreed to withdraw 11 categories of terms. Furthermore, the parties were able to agree to constructions of three specific claim terms. However, during this process Plaintiffs repeatedly expressed their objection to Nest proposing "categories" or "clusters" of terms/phrases for construction rather than individual *discrete* terms or phrases for construction as required by the Court's Order and Local Patent Rules. Nest's final proposal contains 9 "categories" consisting of *27* total claim terms/phrases:

| No. | Term Nest Contends Requires Construction (Patent: Claim(s)) |
|-----|-----------------------------------------------------------|
| 1 | "manually settable [location] specifying member [. . . whereby a user can specify a location]" ('424: 9) <br><br> "selectable coding element [to define each detector's installation location]" ('424: 24) <br><br> "selectable coding circuitry [to define the installation location]" ('780: 1) |

---

[1] In an effort to proactively reduce the number of disputed claim terms, Plaintiffs withdrew their assertion of claim 5 of U.S. Patent No. 6,144,310. Plaintiffs believed that by removing claim 5, no remaining claim terms or elements would require construction at this juncture.

[2] The parties have agreed that the disputed terms/phrases should include the following: (1) "substantially symmetrical in-flow and out-flow of ambient atmosphere" of the '182 Patent; (2) "facilitates a symmetrical inflow of ambient atmosphere into the sensor" of the '182 Patent; (3) "a processor programmed for retrieving a selected tonal alarm pattern and presenting same to the audible alarm" of the '780 Patent; and (4) "interconnecting a minimum of two environmental condition detectors forming an environmental condition detection system . . . interconnected detectors" of the '424 Patent.

| No. | Term Nest Contends Requires Construction (Patent: Claim(s)) |
|---|---|
| | "circuitry to provide for the selection of [language type presentation of said pre-recorded messages]" ('780: 4) <br><br> "circuit to provide for the selection of [language-type presentation]" ('780: 12) <br><br> "alarm code selector [to define a voice information code]" ('780: 27) |
| 2 | "selector to define a coded radio frequency signal" ('780: 27) <br><br> "a settable system specifying element [coupled to the control circuit] for establishing a coded system specific identifier" ('780: 54) |
| 3 | "[tonal pattern includes] predetermined silent intervals" ('310: 14; '424: 1, 5; '798: 1; '040:1) <br><br> "predetermined tonal silent periods" ('424:37) <br><br> "[groups of tones are spaced apart by] silent, longer second time intervals" ('424:7; '798:19) <br><br> "[some of the tones/groups of tones are spaced apart by a] first time interval [and wherein others of the tones are closer together]" ('424:9; '780:54) <br><br> "periods of silence [in the tonal pattern]"('424:24) <br><br> "periods of silence in said prescribed [audible tonal pattern]" ('780:1, 12) |
| 4 | "outputs . . . an interleaved ⋯ [message] in a respective silent interval" ('310: 14; '040:1) <br><br> "emits ⋯ [message(s)] in respective silent intervals" ('424: 1, 5; '798:10) <br><br> "[message] . . . emitted in respective silent intervals" ('798: 1) <br><br> "injects ⋯ [fire indicating word] into only the second time intervals [between groups of tones]" ('424: 7; '798;19) <br><br> "emits . . . [voice message] . . . during the periods of silence" ('424: 24) <br><br> "[voice message] . . . is emitted during periods of silence" ('780: 1) |
| 5 | "interconnecting a minimum of two environmental condition detectors forming an environmental condition detection system . . . interconnected detectors" ('424: 24) |
| 6 | "control electronics" ('310: 14); ('424: 1, 5); ('798: 1); ('040: 1) |

| No. | Term Nest Contends Requires Construction (Patent: Claim(s)) |
|---|---|
|  | "control element" ('424: 7); ('798: 19) <br><br> "electronic circuit" ('424: 37) |
| 7 | "substantially symmetrical in-flow and out-flow of ambient atmosphere" ('182: 1, 30) <br><br> "facilitates a symmetrical inflow of ambient atmosphere into the sensor" ('182: 10) |
| 8 | "for atmospheric ingress and egress with a substantially planar flow path [through the housing adjacent to the interior surface]" ('182: 20) |

| No. | Term Nest Contends is Governed by § 112 (6) Term(Patent: Claim(s)) |
|---|---|
| 9 | "a processor programmed for retrieving a selected tonal alarm pattern and presenting same to the audible alarm" ('780: 6, 16) |

Plaintiffs believe Nest's proposal violates the Court's Order limiting the parties to ten terms for claim construction. Plaintiffs request the Court to enter an Order specifically limiting the number of disputed claim terms/phrases to no more than ten discrete terms/phrases. Specifically, the Court should order Nest to select six discrete terms/phrases to be considered in addition to the parties' four agreed disputed terms.

## DISCUSSION

As a preliminary matter, Plaintiffs do not believe that any of Nest's "clusters" of claim terms identified above require a special construction by the Court. Rather, these terms/phrases clearly have a plain and ordinary meaning in the art and can easily be understood by experts and juries.

Notwithstanding, the Court's Order clearly requires that the "[p]arties agree on no more than 10 claim terms needing construction." Dkt. No. 112 at 2. Nest's proposal violates both the word and spirit of the Court's Order. The Local Patent Rules of the Northern District of Illinois

are consistent with the Court's Order:

> (b) Within seven (7) days after the exchange of claim terms and phrases, ***the parties must meet and confer and agree upon no more than ten (10) terms or phrases to submit for construction by the court. No more than ten (10) terms or phrases may be presented to the Court for construction absent prior leave of court upon a showing of good cause***. The assertion of multiple non-related patents shall, in an appropriate case, constitute good cause. If the parties are unable to agree upon ten terms, then five shall be allocated to all plaintiffs and five to all defendants. For each term to be presented to the Court, the parties must certify whether it is outcome-determinative.

L.P.R. 4.1 (emphasis added).  The Comment to L.P.R. 4.1 is also consistent with the Court's

Order.  The Comment explains that:

> In some cases, the parties may dispute the construction of more than ten terms. But because construction of outcome-determinative or otherwise significant claim terms may lead to settlement or entry of summary judgment, in the majority of cases the need to construe other claim terms of lesser importance may be obviated. ***The limitation to ten claim terms to be presented for construction is intended to require the parties to focus upon outcome-determinative or otherwise significant disputes.***

Comment to L.P.R. 4.1 (emphasis added).  In this case, Nest has neither provided good cause,

nor has it moved the Court, to exceed the Court's limit on terms for construction.

Nest's position is that *different phrases*, across *different patents* should be construed

together and have the same meaning.  In addition to the earlier illustration, specific examples of

this problem include: (1) "predetermined tonal silent periods" of the '424 Patent as having the

same construction as "[groups of tones are spaced apart by] silent, longer second time intervals"

also of the '424 Patent; (2) "outputs . . . an interleaved [message] in a respective silent interval"

of the '040 Patent as having the same construction as "injects … [fire indicating word] into only

the second time intervals [between groups of tones]" of the '424 Patent; and (3) "control

element" of the '424 and '798 Patents as having the same construction as "electronic circuit" of

the '424 Patent. As a matter of grammar, there is no basis to construe these disparate terms to mean the same thing.

The well established law, moreover, refutes Nest's contention that these different terms could have the same meaning. *See Helmsderfer v. Bobrick Washroom Equipment, Inc.*, 527 F.3d 1379, 1382 (Fed. Cir. 2008) ("Our precedent instructs that different claim terms are presumed to have different meanings."); *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1333 n.3 ("[T]he use of two terms in a claim requires that they connote different *meanings*."); *CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224 F.3d 1308, 1317 (Fed. Cir. 2000) ("In the absence of any evidence to the contrary, we must presume that the use of these different terms in the claims connotes different meanings."). The intrinsic records for these terms are by definition different, and as a result briefing would need to address each term differently. Nest's proposal attempts to circumvent both the Court's Order and the Local Patent Rules to improperly obtain blanket claim constructions that would be applied across claim terms/phrase "clusters" that use different words, have different specifications in some instances, and have separate prosecution histories.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court limit the number of claim terms for construction to ten ***discrete*** terms pursuant to the Order.

Dated: April 25, 2014

Respectfully submitted,

   /s/ Sanjay K. Murthy

Sanjay K. Murthy
sanjay.murthy@klgates.com
Benjamin E. Weed
benjamin.weed@klgates.com
Devon C. Beane
devon.beane@klgates.com
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
Fax: (312) 827-800

Bryan J. Sinclair (*pro hac vice*)
bryan.sinclair@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, CA
Tel: (650) 798-6700
Fax: (650) 798-6701

Ravi S. Deol
ravi.deol@klgates.com
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5500
Fax: (214) 939-5849

**ATTORNEYS FOR PLAINTIFF BRK
BRANDS, INC.**

Lynn J. Alstadt (*pro hac vice*)
lynn.alstadt@bipc.com
Craig G. Cochenour (*pro hac vice*)
craig.cochenour@bipc.com
BUCHANAN INGERSOLL & ROONEY P.C.
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, Pennsylvania 15219-1410
Tel: (412) 562-8800
Fax: (412) 562-1041

**ATTORNEY FOR GARY J. MORRIS, PH.D.**