## Deol, Ravi S.

| | |
|---|---|
| **From:** | Padro, John <john.padro@whitecase.com> |
| **Sent:** | Friday, April 25, 2014 9:22 AM |
| **To:** | Sinclair, Bryan J.; Weed, Benjamin E.; Salmastlian, Vigen; Deol, Ravi S.; Scheibeler, John; Murthy, Sanjay K.; craig.cochenour@bipc.com; lynn.alstadt@bipc.com |
| **Cc:** | BRKNest; W&C Google (Nest)-BRK Brands Litigation Team; jletchinger@bakerlaw.com; msernel@kirkland.com |
| **Subject:** | RE: BRK Brands, Inc. and Gary Morris, Ph. D. v. Nest Labs, Inc., 13-cv-7900 - Nest's Proposed Claim Terms and Constructions |

Bryan,

Nest maintains that its final listing of claim terms identifies no more than 9 specific terms and phrases consistent with the Court's order, as demonstrated by the corresponding 9 proposed constructions. Nest's grouping (1) identifies where each term appears throughout the related patents, (2) ensures that the Court considers all relevant language related to each of the nine terms to help inform the construction, and (3) ensures that the Court will not need to revisit the same claim construction issues.

Nest is willing to meet and confer regarding this issue at 11:30 AM ET. We have another meeting at Noon ET, but we would be willing to reschedule the call for 1:15 PM ET if more time is needed.

Regards,

**John P. Padro** | Associate
T +1 2128197982    M +1 9544015203    E john.padro@whitecase.com
White & Case LLP  |  1155 Avenue of the Americas  |  New York, NY 10036-2787

---

**From:** Sinclair, Bryan J. [mailto:bryan.sinclair@klgates.com]
**Sent:** Friday, April 25, 2014 1:24 AM
**To:** Weed, Benjamin E.; Salmastlian, Vigen; Deol, Ravi S.; Scheibeler, John; Murthy, Sanjay K.; craig.cochenour@bipc.com; lynn.alstadt@bipc.com
**Cc:** BRKNest; W&C Google (Nest)-BRK Brands Litigation Team; jletchinger@bakerlaw.com; msernel@kirkland.com; Sinclair, Bryan J.
**Subject:** RE: BRK Brands, Inc. and Gary Morris, Ph. D. v. Nest Labs, Inc., 13-cv-7900 - Nest's Proposed Claim Terms and Constructions

Thanks Ben. I am in transit now and finally have access to in fight WiFi.

I would like to know if W&C can meet and confer on the issue of the overall number of claim terms/phrases at 8:30 a.m. PDT/11:30 a.m. EDT. I can circulate a conference bridge. I suspect the call will take no more than 5 or 10 minutes as it appears that we are at an impasse with respect to the varying interpretations of the Court's order limiting the disputed terms/phrases to a total of 10.

In lieu of a call, if the Nest team is unwilling to select no more than 10 specific terms/phrases (rather than the "cluster" approach Nest proposes), then please just indicate that position by reply e-mail and we will have satisfied any express or implicit requirement to meet and confer before taking any issues to the Court for an expedited resolution.

Thanks, Bryan.



**Bryan J. Sinclair**
Partner
K&L Gates LLP
630 Hansen Way
Palo Alto, CA 94304
Phone: (650) 798-6749
Fax: (650) 798-6701
bryan.sinclair@klgates.com
www.klgates.com

---

**From:** Weed, Benjamin E.
**Sent:** Thursday, April 24, 2014 9:23 PM
**To:** Salmastlian, Vigen; Deol, Ravi S.; Scheibeler, John; Sinclair, Bryan J.; Murthy, Sanjay K.; craig.cochenour@bipc.com; lynn.alstadt@bipc.com
**Cc:** BRKNest; W&C Google (Nest)-BRK Brands Litigation Team; jletchinger@bakerlaw.com; msernel@kirkland.com
**Subject:** RE: BRK Brands, Inc. and Gary Morris, Ph. D. v. Nest Labs, Inc., 13-cv-7900 - Nest's Proposed Claim Terms and Constructions

Thanks, Vigen.

As I stated in an email from earlier in the evening, Plaintiffs object to the treatment of the grouped terms as a single "term" for purposes of counting, and thus objects to the conclusion that there are 9 disputed terms. In an effort to resolve this issue, is your team available to meet and confer tomorrow after 10:00 am Pacific?

Ben

---

**From:** Salmastlian, Vigen [mailto:vsalmastlian@whitecase.com]
**Sent:** Thursday, April 24, 2014 11:01 PM
**To:** Weed, Benjamin E.; Deol, Ravi S.; Scheibeler, John; Sinclair, Bryan J.; Murthy, Sanjay K.; craig.cochenour@bipc.com; lynn.alstadt@bipc.com
**Cc:** BRKNest; W&C Google (Nest)-BRK Brands Litigation Team; jletchinger@bakerlaw.com; msernel@kirkland.com
**Subject:** RE: BRK Brands, Inc. and Gary Morris, Ph. D. v. Nest Labs, Inc., 13-cv-7900 - Nest's Proposed Claim Terms and Constructions

Ben,

Thank you for your response regarding Nest's term 14 proposals. Nest is in agreement with Plaintiffs' revisions, which are reflected in the below table summarizing the parties' agreed constructions.

| No. | Claim Term Requiring Construction (Patent: Claim(s))[1] | Agreed Construction |
|---|---|---|
| 10 | "for the duration" ('424: 24, 37); ('780: 1, 12) | As long as |
| 14 | "wired input/output port [coupled to the control element] wherein the port and control element receive signals from other detectors, or transmit signals to other detectors" ('424: 9) | A port for wired communication of alarm signals from or to other detectors |

| No. | Claim Term Requiring Construction (Patent: Claim(s))[1] | Agreed Construction |
|---|---|---|
| | "interconnect port for receipt of alarm indicating signals" ('798: 20) | A wired port for receiving alarm indicating signals |

In an effort to meet the requirement set forth in Judge Posner's scheduling order, we provide the following final list of terms and Nest's proposed constructions of such terms. We have done our best to narrow these issues and group like terms to streamline the claim construction process in this case. Bracketed language in the below chart is provided for context, but is not part of the term to be construed. Accordingly, each of the below groupings of terms accurately reflect a single term for construction.

By grouping like terms, this final list (summarized in the below table) results in 9 disputed terms.

| No. | Claim Term Requiring Construction (Patent: Claim(s))[1] | Nest's Proposed Construction |
|---|---|---|
| 1 | "manually settable [location] specifying member [. . . whereby a user can specify a location]"[2] ('424: 9) / "selectable coding element [to define each detector's installation location]" ('424: 24)<br><br>"selectable coding circuitry [to define the installation location]" ('780: 1) / "circuitry to provide for the selection of [language type presentation of said pre-recorded messages]" ('780: 4) / "circuit to provide for the selection of [language-type presentation]" ('780: 12) / "alarm code selector [to define a voice information code] ('780: 27) | User positionable hardware switch(es), wire(s) (e.g., jumper(s)) and associated circuitry [for setting location or language, respectively] |
| 4 | "selector to define a coded radio frequency signal" ('780: 27) / "a settable system specifying element [coupled to the control circuit] for establishing a coded system specific identifier" ('780: 54) | User positionable hardware switch(es), wire(s) (e.g., jumper(s)) and associated circuitry for selecting the radio frequency for communications between detectors.<br><br>Alternatively, the "settable system specifying element" is indefinite as shown by BRK's own contentions as it purports to identify this term as both an element to set a RF communication frequency and separately as an element to specify the |

3

| No. | Claim Term Requiring Construction (Patent: Claim(s))[1] | Nest's Proposed Construction |
|---|---|---|
| | | location of the device. There is no disclosure of a single element that performs both functions |
| 5 | "[tonal pattern includes] <u>predetermined silent intervals</u>" ('310: 14; '424: 1, 5; '798: 1; '040:1)<br><br>"<u>predetermined tonal silent periods</u>" ('424:37)<br><br>"[groups of tones are spaced apart by] <u>silent, longer second time intervals</u>" ('424:7; '798:19)<br><br>"[some of the tones/groups of tones are spaced apart by a] <u>first time interval</u> [and wherein others of the tones are closer together]" ('424:9; 780:54)<br><br>"<u>periods of silence</u> [in the tonal pattern]" ('424:24)<br><br>"<u>periods of silence in said prescribed</u> [audible tonal pattern]" ('780:1, 12) | The silent intervals or periods between groups of tones for a given alarm type have the same duration. The maximum silent period is 1.5 seconds for smoke and 5 seconds for carbon monoxide. |
| 7 | "outputs . . . an interleaved … [message] in a respective silent interval" ('310: 14; '040:1)<br><br>"emits … [message(s)] in respective silent intervals" ('424: 1, 5; '798:10)<br><br>"[message] . . . emitted in respective silent intervals" ('798: 1)<br><br>"injects … [fire indicating word] into only the second time intervals [between groups of tones]" ('424: 7; '798;19)<br><br>"emits . . . [voice message] . . . during the periods of silence" ('424: 24)<br><br>"[voice message] . . . is emitted during periods of silence" ('780: 1) | The same verbal message (of alarm type and/or location) is announced during each intergroup silent period |
| 15 | "interconnecting a minimum of two environmental condition detectors forming an environmental condition | The detectors have a wired connection to each other for transmitting and |

4

| No. | Claim Term Requiring Construction (Patent: Claim(s))[1] | Nest's Proposed Construction |
|---|---|---|
|  | detection system . . . interconnected detectors" ('424: 24) | receiving alarm signals |
| 20 | "control electronics" ('310: 14); ('424: 1, 5); ('798: 1); ('040: 1)<br><br>"control element" ('424: 7); ('798: 19)<br><br>"electronic circuit" ('424: 37) | Discrete hardware elements that trigger the playing of voice messages during silent periods |
| 22 | "substantially symmetrical in-flow and out-flow of ambient atmosphere" ('182: 1, 30)<br><br>"facilitates a symmetrical inflow of ambient atmosphere into the sensor" ('182: 10) | The air flow paths are [substantially] the same from opposing sides and are not obstructed or redirected by other components, vanes or deflectors |
| 23 | "for atmospheric ingress and egress with a substantially planar flow path [through the housing adjacent to the interior surface]" ('182: 20) | The entrance and exit flow paths lie largely in two dimensions and are not vertically deflected or displaced by other components, vanes or deflectors. |

| No. | § 112 (6) Term (Patent: Claim(s)) | Function | Corresponding Structure |
|---|---|---|---|
| 1 | "a processor programmed for retrieving a selected tonal alarm pattern and presenting same to the audible alarm" ('780: 6, 16) | "retrieving a selected tonal alarm pattern and presenting same to the audible alarm" | The '780 patent fails to disclose supporting structure for a programmed processor, such as the steps or operations the processor performs to accomplish the recited function; thus, this claim is invalid as indefinite |

Regards,
Vigen

**Vigen Salmastlian** | Associate
**T** +1 650 213 0368    **E** vsalmastlian@whitecase.com
White & Case LLP | 3000 El Camino Real | 5 Palo Alto Square, 9th Floor | Palo Alto, CA 94306

**From:** Weed, Benjamin E. [mailto:benjamin.weed@klgates.com]
**Sent:** Thursday, April 24, 2014 7:42 PM
**To:** Salmastlian, Vigen; Deol, Ravi S.; Scheibeler, John; Sinclair, Bryan J.; Murthy, Sanjay K.; craig.cochenour@bipc.com; lynn.alstadt@bipc.com
**Cc:** BRKNest; W&C Google (Nest)-BRK Brands Litigation Team; jletchinger@bakerlaw.com; msernel@kirkland.com
**Subject:** RE: BRK Brands, Inc. and Gary Morris, Ph. D. v. Nest Labs, Inc., 13-cv-7900 - Nest's Proposed Claim Terms and Constructions

Vigen,

We have received the necessary feedback – thanks for your patience.

Plaintiffs do not agree with the inclusion of "between detectors" in the proposed construction for the first term in Cell No. 14. The claim does not say "between detectors." However, to address the concern you raised, we propose a revised construction of "port for wired communication of alarm signals from or to other detectors." This accurately reflects the claim language you underlined.

With regard to the second term in Cell No. 14, Plaintiffs would be OK with "a wired port for receiving alarm indicating signals," since the claim recites "alarm indicating signals" and not "alarm signals." This seems to be a small change – does it work for Nest?

With regard to Cell No. 15, we continue to disagree with Nest's proposal, so it seems we are at an impasse on that term.

Thanks,
Ben

---

**From:** Salmastlian, Vigen [mailto:vsalmastlian@whitecase.com]
**Sent:** Thursday, April 24, 2014 7:31 PM
**To:** Deol, Ravi S.; Scheibeler, John; Sinclair, Bryan J.; Murthy, Sanjay K.; craig.cochenour@bipc.com; lynn.alstadt@bipc.com
**Cc:** BRKNest; W&C Google (Nest)-BRK Brands Litigation Team; jletchinger@bakerlaw.com; msernel@kirkland.com
**Subject:** RE: BRK Brands, Inc. and Gary Morris, Ph. D. v. Nest Labs, Inc., 13-cv-7900 - Nest's Proposed Claim Terms and Constructions

Counsel,

Thank you for your response. We are in agreement regarding term 10 as identified in the table below.

| No. | Claim Term Requiring Construction (Patent: Claim(s))[1] | Agreed Construction |
|---|---|---|
| 10 | "for the duration" ('424: 24, 37); ('780: 1, 12) | As long as |

Regarding term 14, Plaintiff's proposed construction does not address the limitation "receive signals from other detectors, or transmit signals to other detectors" of claim 9 of the '424 patent. Accordingly, Nest proposes keeping the language "between detectors" as identified in the table below.

Further regarding term 14, Plaintiffs' proposed construction does not address the "interconnect port…" limitation of claim 20 of the '798 patent. Nest proposes the construction identified in the table below.

Please let us know if Plaintiffs are in agreement to Nest's proposals regarding term 14.

| No. | Claim Term Requiring Construction (Patent: Claim(s))[2] | Nest's Proposed Construction |
|---|---|---|
| 14 | "wired input/output port [coupled to the control element] wherein the port and control element receive signals from other detectors, or transmit signals to other detectors" ('424: 9) | A port for wired communication of alarm signals between detectors |
| | interconnect port for receipt of alarm indicating signals" ('798: 20) | A wired port for receiving alarm signals |

Regarding term 15, Nest is not in agreement with Plaintiffs' proposed construction. Nest's proposed construction is provided below.

| No. | Claim Term Requiring Construction (Patent: Claim(s))[2] | Nest's Proposed Construction |
|---|---|---|
| 15 | "interconnecting a minimum of two environmental condition detectors forming an environmental condition detection system . . . interconnected detectors" ('424: 24) | The multiple detectors have a wired connection to each other for transmitting and receiving alarm signals |

Regards,
Vigen

**Vigen Salmastlian** | Associate
T +1 650 213 0368    E vsalmastlian@whitecase.com

White & Case LLP  |  3000 El Camino Real  |  5 Palo Alto Square, 9th Floor  |  Palo Alto, CA  94306

---

**From:** Deol, Ravi S. [mailto:Ravi.Deol@klgates.com]
**Sent:** Thursday, April 24, 2014 3:36 PM
**To:** Salmastlian, Vigen; Scheibeler, John; Sinclair, Bryan J.; Murthy, Sanjay K.; craig.cochenour@bipc.com; lynn.alstadt@bipc.com
**Cc:** BRKNest; W&C Google (Nest)-BRK Brands Litigation Team; jletchinger@bakerlaw.com; msernel@kirkland.com
**Subject:** RE: BRK Brands, Inc. and Gary Morris, Ph. D. v. Nest Labs, Inc., 13-cv-7900 - Nest's Proposed Claim Terms and Constructions

Counsel,

In response to your email, the following are Plaintiffs' responses for the terms we agreed to reconsider. With regard to Cell Nos. 14 and 15, we have provided counter-proposals, which are slight modifications to Nest's original proposals that we think will be agreeable:

- Cell No. 9: Neither proposed term requires construction. There is no agreement as to these two terms.

- Cell No. 10: We agree that "for the duration" can be construed to mean "as long as." The additional language of "the condition is sensed" is unnecessary in view of the remainder of the claims that contain that term.
- Cell No. 14: We propose "wired input/output port coupled to the control element wherein the port and control element receive signals from other detectors, or transmit signals to other detector" to be construed as "a port for wired communication of alarm signals."
- Cell No. 15: We propose "interconnecting a minimum of two environmental condition detectors forming an environmental condition detection system . . . interconnected detectors" to be construed as "creating a wired communication path between environmental condition detectors."

With regard to the remaining cells from which Nest is selecting, it is Plaintiffs' position that it is improper to consider the multiple terms/phrases in the cells identified in point D of Vigen's email of last night (with the exception of Cell No. 17) as a single term per cell for purposes of determining whether 10 terms are being construed. For example, it is Plaintiffs' position that Cell No. 5 seeks construction of 12 separately listed proposed phrases. While the issue of whether constructions of individual terms apply to other, non-construed terms may be an issue appropriate for expert discovery, we believe it is improper at this juncture to the extent it results in the parties requesting construction of more than 10 terms. Plaintiffs do not intend to engage in motion practice at this time given the truncated schedule, but depending on the final list we receive from Nest, Plaintiffs reserve the right to raise these objections during claim construction briefing and to make these objections in future motion practice.

Best regards,

**Ravi Deol**
K&L Gates LLP
214.939.5976

---

**From:** Salmastlian, Vigen [mailto:vsalmastlian@whitecase.com]
**Sent:** Thursday, April 24, 2014 4:20 PM
**To:** Deol, Ravi S.; Scheibeler, John; Sinclair, Bryan J.; Murthy, Sanjay K.; craig.cochenour@bipc.com; lynn.alstadt@bipc.com
**Cc:** BRKNest; W&C Google (Nest)-BRK Brands Litigation Team; jletchinger@bakerlaw.com; msernel@kirkland.com
**Subject:** RE: BRK Brands, Inc. and Gary Morris, Ph. D. v. Nest Labs, Inc., 13-cv-7900 - Nest's Proposed Claim Terms and Constructions

Counsel,

Please provide your decision on whether you are able to agree to the proposed constructions for terms 9, 10, 14 and 15. Based upon your response we will circulate a proposed final list of ten disputed terms and constructions. Please let us know your response by 6 PM CT.

Regards,
Vigen

**Vigen Salmastlian** | Associate
T +1 650 213 0368    E vsalmastlian@whitecase.com
White & Case LLP | 3000 El Camino Real | 5 Palo Alto Square, 9th Floor | Palo Alto, CA 94306

---

**From:** Salmastlian, Vigen
**Sent:** Wednesday, April 23, 2014 10:29 PM
**To:** 'Deol, Ravi S.'; Scheibeler, John; Sinclair, Bryan J.; Murthy, Sanjay K.; craig.cochenour@bipc.com; lynn.alstadt@bipc.com
**Cc:** BRKNest; W&C Google (Nest)-BRK Brands Litigation Team; jletchinger@bakerlaw.com; msernel@kirkland.com
**Subject:** RE: BRK Brands, Inc. and Gary Morris, Ph. D. v. Nest Labs, Inc., 13-cv-7900 - Nest's Proposed Claim Terms and Constructions

Counsel,

We write to memorialize our discussion of the claim terms proposed by Nest as needing construction. The below listing of terms relies on the term designations corresponding to Defendant's List of Proposed Claim Terms to be Construed and Proposed Constructions Pursuant to Local Patent Rule 4.1, dated April 21, 2014. We note that Plaintiffs' April 21 Proposed Claim Terms and Constructions indicated that "no claim terms or elements require construction," and thus, did not propose any constructions. In an effort to narrow the terms the Court is asked to construe, Nest proposed the following:

A. The parties will request construction of the following terms proposed for construction by Nest and to which Plaintiffs agreed to seek a construction: 22, 23, and MPF 1 (corresponding to 1, 2, and 9 in Ravi's email below).
B. Nest has agreed not to seek constructions of the following terms at this time: 2, 6, 8, 12, 13, 16, 18, 19, 21, 24, MPF 2.
C. Plaintiffs committed to consider whether Plaintiffs could agree to Nest's proposed constructions for terms 9, 10, 14 and 15 and respond by tomorrow.
D. Nest maintains that the following terms should be construed: 1, 3, 4, 5, 7, 11, 17, 20. Nest reserves the right to combine or modify some of these terms depending in part on Plaintiffs' response to C.
E. Nest will circulate a revised list of proposed claim terms and constructions before our call tomorrow and Plaintiffs will provide a response regarding item C.

Please let us know what time you are available tomorrow to discuss these matters.

Additionally, please provide the dates (in the last two weeks of May) that Dr. Morris will be available for deposition, by Friday, April 25.

Regards,
Vigen

**Vigen Salmastlian** | Associate
T +1 650 213 0368   E vsalmastlian@whitecase.com

White & Case LLP | 3000 El Camino Real | 5 Palo Alto Square, 9th Floor | Palo Alto, CA 94306

---

**From:** Deol, Ravi S. [mailto:Ravi.Deol@klgates.com]
**Sent:** Wednesday, April 23, 2014 2:49 PM
**To:** Scheibeler, John; Sinclair, Bryan J.; Murthy, Sanjay K.; craig.cochenour@bipc.com; lynn.alstadt@bipc.com
**Cc:** BRKNest; W&C Google (Nest)-BRK Brands Litigation Team; jletchinger@bakerlaw.com; msernel@kirkland.com
**Subject:** RE: BRK Brands, Inc. and Gary Morris, Ph. D. v. Nest Labs, Inc., 13-cv-7900 - Nest's Proposed Claim Terms and Constructions

Counsel,

Plaintiffs do not agree to any of Nest's proposed claim constructions. Plaintiffs would dispute the following terms identified by Nest for purposes of the Court's ten term limit.

1) "substantially symmetrical" ('182 Patent claims 1 & 30)
2) "substantially planar" ('182 Patent claim 20)
3) "messages is associated with a respective one of the tonal output patterns and verbalizes the respective alarm type" ('310 Patent claim 14)
4) "power supply" ('424 Patent claim 15)
5) "fire sensor" ('424 Patent claim 5)
6) "verbal message specifies a fire" ('424 Patent claim 5)
7) "circuitry for detecting a fire" ('424 Patent claim 7)

8) "message verbally describes the type of detected environmental condition" ('780 Patent claim 1)
9) "processor programmed for retrieving a selected tonal alarm pattern and presenting same to the audible alarm" ('780 Patent claim 6)
10) "source of illumination" ('780 Patent claim 54)

We look forward to speaking with you shortly.

Best regards,

**Ravi Deol**
K&L Gates LLP
214.939.5976

---

**From:** Scheibeler, John [mailto:jscheibeler@whitecase.com]
**Sent:** Monday, April 21, 2014 10:57 PM
**To:** Goldberg, Robin S.; Sinclair, Bryan J.; Murthy, Sanjay K.; craig.cochenour@bipc.com; lynn.alstadt@bipc.com; BRKNest
**Cc:** W&C Google (Nest)-BRK Brands Litigation Team; jletchinger@bakerlaw.com; msernel@kirkland.com
**Subject:** BRK Brands, Inc. and Gary Morris, Ph. D. v. Nest Labs, Inc., 13-cv-7900 - Nest's Proposed Claim Terms and Constructions

Dear Counsel,

Attached is Defendant's List Of Proposed Claim Terms To Be Construed And Proposed Constructions Pursuant To Local Patent Rule 4.1.

Regards,
John Scheibeler

**John Scheibeler** | Counsel
**T** +1 2128198830   **M** +1 5163434680   **E** jscheibeler@whitecase.com
White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787
**WHITE & CASE**

---

**From:** Goldberg, Robin S. [mailto:Robin.Goldberg@klgates.com]
**Sent:** Monday, April 21, 2014 8:32 PM
**To:** W&C Google (Nest)-BRK Brands Litigation Team; jletchinger@bakerlaw.com; msernel@kirkland.com
**Cc:** craig.cochenour@bipc.com; lynn.alstadt@bipc.com; BRKNest
**Subject:** BRK Brands, Inc. and Gary Morris, Ph. D. v. Nest Labs, Inc., 13-cv-7900 - Plaintiffs' Proposed Claim Terms and Constructions

Dear Counsel,

Please find attached BRK Brands, Inc. and Gary J. Morris, Ph.D.'s Proposed Claim Terms and Constructions Pursuant to N.D. Ill. LPR 4.1.

Regards,
Robin Goldberg



**Robin Goldberg**
Senior Paralegal
K&L Gates LLP
630 Hansen Way
Palo Alto, CA, 94304
Phone: (650) 798-6766
Fax: (650) 798-6701
Robin.Goldberg@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at **Robin.Goldberg@klgates.com**.


============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.


============================================================================

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at **Ravi.Deol@klgates.com**.


============================================================================

This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you.


============================================================================



============================================================================

This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended

recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you.

================================================================================

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at **benjamin.weed@klgates.com**.

================================================================================

This email communication (and any attachments) are confidential and are intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning 650-213-0300. Please then delete the email and any copies of it. This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. Thank you.

================================================================================

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at **bryan.sinclair@klgates.com**.

================================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

================================================================================

---

[1] Nest's proposed constructions identify the claims to which each claim element relates. To the extent a claim element is present in a claim not specifically identified with respect to that claim element, Nest's proposed construction applies equally to the unidentified claim as if fully set forth therein.

[1] Nest's proposed constructions identify the claims to which each claim element relates. To the extent a claim element is present in a claim not specifically identified with respect to that claim element, Nest's proposed construction applies equally to the unidentified claim as if fully set forth therein.

[2] Bracketed language is provided for context, but not part of term to be construed.

[1] Nest's proposed constructions identify the claims to which each claim element relates. To the extent a claim element is present in a claim not specifically identified with respect to that claim element, Nest's proposed construction applies equally to the unidentified claim as if fully set forth therein.

[2] Nest's proposed constructions identify the claims to which each claim element relates. To the extent a claim element is present in a claim not specifically identified with respect to that claim element, Nest's proposed construction applies equally to the unidentified claim as if fully set forth therein.

[2] Nest's proposed constructions identify the claims to which each claim element relates. To the extent a claim element is present in a claim not specifically identified with respect to that claim element, Nest's proposed construction applies equally to the unidentified claim as if fully set forth therein.