# Exhibit 2

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRK BRANDS, INC., and<br>GARY J. MORRIS, PH.D.,<br><br>       Plaintiffs,<br><br>  v.<br><br>NEST LABS, INC.,<br><br>       Defendant. | Civil Action No.: 13-cv-7900<br><br>Honorable Richard A. Posner |

**BRK BRANDS, INC. AND GARY J. MORRIS, PH.D.'S FINAL RESPONSE TO
INVALIDITY CONTENTIONS PURSUANT TO N.D. ILL. LPR 3.2**

BRK Brands, Inc. ("BRK") and Gary J. Morris, Ph.D. ("Morris") (collectively "Plaintiffs") hereby submit their Final Response to Invalidity Contentions to Nest Labs, Inc.'s ("Nest") pursuant to Northern District of Illinois Local Patent Rule ("LPR") 3.2. These disclosures, including the accompanying claim charts, state Plaintiffs' Final Response to Invalidity Contentions with respect to the asserted claims of U.S. Patent Nos. 6,144,310 ("the '310 patent"); 6,323,780 ("the '780 patent"); 6,600,424 ("the '424 patent"); 6,784,798 ("the '798 patent"); 7,158,040 ("the '040 patent") (collectively "the Morris Patents"); and 6,377,182 ("the '182 patent").[1]

Plaintiffs offer these contentions in response to Nest's LPR 3.1 Final Invalidity Contentions without prejudice to any position it may take as to any claim construction issues and reserves the right to fully address any issue raised in this response in connection with expert

---

[1] The Morris Patents and the '182 Patent will be collectively referred to as the Asserted Patents.

| Claim Term | Relevant Patent (Claims) | Statutory Basis (Description) and Response |
|---|---|---|
| "the respective alarm type" | '040 patent (claim 1) | **Nest argument:** 112, ¶ 2 (Lacks antecedent basis.)<br><br>**Plaintiffs' Response:** The phrase "the respective alarm type" refers to the "at least two, different, unalterable pre-established alarm indicating tonal, output patterns," in lines 3-5, Claim 1. A POSITA could read the claim and understand the reference. |
| "pre-established alarm indicating tonal output patterns" | '040 patent (claim 1) | **Nest argument:** 112, ¶ 2 ("Pre-established" is indefinite.)<br><br>**Plaintiffs' Response:** The '040 Patent teaches, at Column 3, lines 60-63, that the prescribed audible tonal pattern alarms are in accordance with the industry's governing bodies (National Fire Protection Association, Underwriters Laboratories, etc.). Further, column 7, lines 36-46, and Figure 4 is described as showing "prescribed audible tonal pattern alarm 85 consistent with conventional smoke detector alarms". Finally, column 7, line 5, through column 8, line 4, and Figure 6 is described as showing "prescribed audible tonal pattern alarm 105 consistent with conventional carbon monoxide alarms". |
| "prescribed audible tonal pattern" | '780 patent (claims 1, 12) | **Nest argument:** 112, ¶ 2 ("Prescribed" is indefinite.)<br><br>**Plaintiffs' Response:** The '780 Patent is a continuation in part of the '310 Patent. Column 3, lines 40-41, incorporates by reference all of the specification and figures of Application Serial No. 09/299,483, which issued as the '310 Patent. *See* Column 6, line 47, and Column 7, line 18, of the '780 Patent for a description of "prescribed audible tonal pattern". As the '780 Patent incorporates the '310 Patent by reference, it is clear that the tonal patterns are prescribed by the governing authorities listed in the '310 Patent (at column 3, lines 45-55). |
| "unalterable" messages and tones | '780 patent (claims 1,12) | **Nest argument:** 112, ¶ 2 (Specification does not describe the metes and bounds of the "unalterable" messages and tones.) |

| Claim Term | Relevant Patent (Claims) | Statutory Basis (Description) and Response |
|---|---|---|
| | | **Plaintiffs' Response:** The '780 Patent is a continuation in part of the '310 Patent. Column 3, lines 40-41, incorporates by reference all of the specification and figures of Application Serial No. 09/299,483, which issued as the '310 Patent. The '310 Patent describes "unalterable" as a parameter set at the factory and not normally changeable by the user ('310 Patent, column 3, lines 23-28). |
| "periods of silence" | '780 patent (claims 1,14) | **Nest argument:** 112, ¶ 1 (No support for silent periods of different lengths. Specification only supports a silent period of a single duration.) <br><br> **Plaintiffs' Response:** '780 Patent Figures 3-7 illustrate periods of silence of different lengths. |
| "[circuit / circuitry] to provide for the selection of language type presentation of said pre-recorded voice messages." | '780 patent (claims 4, 12) | **Nest argument:** 112, ¶ 2 (No support for the selection of language type; No disclosure of a selection circuit beyond the DIP switches controlling the verbal message for a location.) <br><br> **Plaintiffs' Response:** The '780 Patent is a continuation in part of the '310 Patent. Column 3, lines 40-41, incorporates by reference all of the specification and figures of Application Serial No. 09/299,483, which issued as the '310 Patent. The '310 Patent describes the use of language selection ('310 Patent, Column 6, lines 22-24). A POSITA would know that circuitry would be required for recording pre-prerecorded messages. |
| "selected periods of silence" / "other periods of silence" | '780 patent (claims 12, 13) | **Nest argument:** 112, ¶ 1,112, ¶ 2 (No support for the selection of silent periods or the emitting of voice messages during some silent periods.) <br><br> **Plaintiff's Response:** '780 Patent Figure 3 illustrates that the type of sensed condition is emitted in some periods of silence while Figure 4 illustrates that location of the sensed condition is sensed in other periods of silence. |
| "coded system specific identifier" / "system | '780 patent (claim 54) | **Nest argument:** 112, ¶ 2 ("system identifier" is indefinite.) <br><br> **Plaintiffs' Response:** '780 Patent, column 5, lines |

- 18 -

To the extent that Nest alleges that Morris or any of the BRK inventors on the '182 Patent engaged in inequitable conduct, Morris and BRK deny such allegations and reserve the right to challenge Nest's allegations of unenforceability in the future should Nest ever identify any specific facts that serve as the basis for the above conclusory allegations.

Date: April 15, 2014                                        Respectfully submitted,

/s/ Bryan J. Sinclair
Sanjay K. Murthy
sanjay.murthy@klgates.com
Benjamin E. Weed
benjamin.weed@klgates.com
Devon C. Beane
devon.beane@klgates.com
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL  60602
Tel:  (312) 372-1121
Fax:  (312) 827-800

Bryan J. Sinclair (*pro hac vice*)
brian.sinclair@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, CA
Tel:  (650) 798-6700
Fax:  (650) 798-6701

Ravi S. Deol
ravi.deol@klgates.com
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel:  (214) 939-5500
Fax:  (214) 939-5849

**ATTORNEYS FOR PLAINTIFF BRK BRANDS, INC.**

Lynn J. Alstadt (*pro hac vice*)
lynn.alstadt@bipc.com
Craig G. Cochenour (*pro hac vice*)

craig.cochenour@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Tel:  (412) 562-8800
Fax:  (412) 562-1041

**ATTORNEYS FOR PLAINTIFF GARY J. MORRIS, PH.D.**