**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRK BRANDS, INC., <br> GARY J. MORRIS, PH.D., <br>                             Plaintiffs, <br>     v. <br> NEST LABS, INC., <br>                              Defendant. | Civil Action No.: 1:13-cv-7900 <br><br> The Honorable Richard A. Posner |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO BAR PLAINTIFFS
FROM PROPOSING NEW CLAIM TERMS OR CLAIM CONSTRUCTIONS**

Plaintiffs BRK Brands, Inc. ("BRK") and Gary J. Morris, Ph.D. (collectively, "Plaintiffs") hereby submit their Response to Defendant Nest Lab, Inc.'s ("Nest") Motion to Bar Plaintiffs from Proposing New Claim Terms or Claim Constructions (Dkt. No. 129). Nest requests the Court enter an order barring Plaintiffs from proposing new claim terms or offering the Court any alternative claim constructions for any disputed terms that Nest contends require construction. Nest goes as far as accusing Plaintiffs of violating the Court's March 24, 2014 Order ("Order") with respect to the exchange of proposed claim terms and constructions. As shown below, Plaintiffs complied with the Order, Nest's motion is largely based on a gross mischaracterization of the parties' claim construction negotiations (which are not even complete as explained in Plaintiffs' Motion to Enforce Court Order), and the Court should permit Plaintiffs to suggest alternatives to Nest's proposed construction of the ultimate set of no more than 10 terms/phrases the Court will consider during claim construction briefing.

First, Plaintiffs initial reliance upon "plain and ordinary meaning" for the terms and

phrases in the asserted patents is both entirely proper and expressly contemplated by the Local Patent Rules. Indeed, unlike many patent cases, the claims in the patents-in-suit largely use plain English words that would be easily understandable by a jury. Thus, there is no need for the Court to construe virtually any language in the claims.

Second, Nest's argument that Plaintiffs should be precluded from offering any response to Nest's proposed constructions is unfounded. Per the Court's Order, the parties exchanged terms and proposed constructions *on the same day*. Given that Plaintiffs do not possess mind reading abilities, it is unclear how they could have anticipated and proposed constructions as to Nest's 80+ proposed terms/phrases on the same day they received Nest's lengthy identification of terms and proposed constructions. Nest's claims of "prejudice" are belied by the conduct of the parties since they served their identification of terms and constructions. During the past week, the parties expended considerable effort negotiating claim terms and offering competing constructions for a number of disputed terms. The parties held multiple telephone conferences and exchanged numerous emails. At no point during these negotiations did Nest take the position that Plaintiffs had categorically "waived" their right to offer a competing construction for a term that Nest claimed needed construction. Indeed, at no point did Nest demand that Plaintiffs must propose responsive constructions on each and every of Nest's 80+ proposed terms. In fact, Plaintiffs even provided responsive constructions on a number of terms that were being negotiated.

Third, Nest's complaints about Plaintiffs "reservation of rights" to offer new constructions is specious. As shown below, Nest's proposed claim construction document contains a nearly identical reservation of rights.

In sum, Nest's motion is meritless as it is not supported by the Court's Order, the Local

Patent Rules, or any precedent from this District. The Court should deny the motion.

## BACKGROUND

Pursuant to the Court's Order, the parties exchanged claim phrases needing construction and proposed constructions on April 21, 2014. Plaintiffs contended that no terms or phrases of the asserted claims required a special construction, and thus contended that all claim terms and phrases should be accorded their plain and ordinary meaning. Nest, on the other hand, proposed over 80 discrete claim terms/phrases for construction. Nest categorized these claim terms and phrases into 26 "categories" with each category (or term/phrase "cluster") receiving only a single construction.

Because Plaintiffs proposed plain and ordinary meaning for all terms and phrases of the asserted claims, Nest now argues that Plaintiffs should be barred from providing any alternative constructions to the Court in response to Nest's proposals. Nest fails to appreciate that a proposal of plain and ordinary meaning is an acceptable proposed construction, particularly when the claims use simple language that is readily understandable by lay jurors and certainly understandable by one of ordinary skill in the art. Furthermore, barring Plaintiffs from responding to Nest's proposed terms and constructions, when the parties exchanged terms and constructions on the same day, would make absolutely no sense and is not consistent with this Court's Order or the Local Patent Rules.

## DISCUSSION

**A. Plain And Ordinary Meaning As A Construction Is Entirely Proper**

Although Nest may not like Plaintiffs plain and ordinary meaning proposal, it is entirely proper and supported by well-established law. *See generally CSS Fitness, Inc. v. Brunkswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002) (reiterating that courts "indulge a 'heavy

presumption' that a claim term carries its ordinary and customary meaning" (citation omitted)); *Johnson Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999) ("The general rule is, of course, that terms in the claim are to be given their ordinary and accustomed meaning."); *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362–63 (Fed. Cir. 1999) ("[T]he ordinary and accustomed meaning of a disputed claim term is presumed to be the correct one.").

In addition to the law recognizing plain and ordinary constructions, the Local Patent Rules of the Northern District of Illinois anticipate this same approach. Specifically, Local Patent Rule 4.2 addresses claim construction briefs. The Comment to L.P.R. 4.2 contemplates and explains that in most cases, Plaintiffs will propose a plain ordinary meaning construction:

> The committee opted for consecutive claim construction briefs rather than simultaneous briefs, concluding that consecutive briefing is more likely to promote a meaningful exchange regarding the contested points. ***For the same reason, the committee opted to have the alleged infringer file the opening claim construction brief. Patent holders are more likely to argue for a "plain meaning" construction or for non-construction of disputed terms; alleged infringers tend to be less likely to do so.***

L.P.R. 4.2 (emphasis added). The Comment establishes that Plaintiffs' proposal of plain and ordinary meaning for all claim terms is not—as Nest believes—improper. Plaintiffs have followed the Court's Order and the Local Patent Rules through arguing that the terms/phrases should get their plain meaning as opposed to a special construction.

### B. Nest's Complaints Of Prejudice Are Meritless

Nest's accusations of prejudice as a result of the Court's schedule are unfounded. The Court's Order required the parties to simultaneously exchange proposed claim terms and constructions. The parties and the Court anticipated a streamlined claim construction process because of the relative simplicity of the asserted claim language. However, because of the simultaneous exchange procedure, Plaintiffs could not have accurately anticipated and

concurrently provided counter-proposals for all 80+ terms Nest originally identified as requiring construction. That is simply impossible.

Importantly, Nest never attempted to resolve this issue in the days between the simultaneous exchange of terms and constructions and the filing of its motion, although Nest had plenty of opportunities to so during the parties' exchanges (including five e-mails from Nest and two conference calls). If Nest had requested specific counter-proposals for specific terms Plaintiffs ultimately agreed were disputable, Plaintiffs would have provided them and, in fact, did so in several instances. There is simply no basis for Nest to cry "prejudice" when it never even bothered to ask Plaintiffs for a comprehensive proposal for each of the 80+ terms/phrases Nest proposed to construe.

Nest, notably, does not cite any authority for its argument that Plaintiffs should be barred from contesting its proposed constructions or offering a counter-proposal where, as here, the parties' exchanges were simultaneous. That is because none exists.[1] The absence of support for

---

[1] Nest cites *Constant Compliance, Inc. v. Emerson Process Management Power & Water Solutions, Inc.*, 598 F. Supp. 2d 842 (N.D. Ill 2009) to support its position. However, the circumstances of that case are not analogous to the instant matter. There, the parties exchanged proposed terms for construction early in the proceedings. Thereafter, the court ordered the parties to exchange proposed constructions for those terms simultaneously. Thus, the parties did not exchange proposed terms *and* proposed constructions simultaneously. Then, a defendant did not provide constructions on the required date. Thus, the court precluded that defendant from proposing constructions because it had not timely complied with the court's order. But, the court did allow that defendant to propose constructions for terms that had not been previously identified by the plaintiff. The court reasoned that the defendant did not previously have the opportunity to propose constructions for those unknown terms. As is relevant here, the court concluded that "***if either party's simultaneous submission had contained terms foreign to the other's, each party would be entitled to the opportunity to propose alternative constructions of those terms.***" *Constant Compliance*, 598 F. Supp. 2d at 846 (emphasis added). Similarly, Nest's citation to *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352 is equally unavailing. On appeal and after a jury trial, the defendant argued for the first time that a claim required construction. Because the defendant did not raise the issue before the submission of all the evidence to the jury, the Federal Circuit found the argument implicitly conceded. *Eli Lilly*, 376 F.3d at 1361. The procedural history of *Eli Lilly* is in stark contrast to Nest's request to bar counter-proposals

Nest's request is likely due to the fact that unlike virtually all other District Courts—which require the patentee to file the opening brief (or simultaneous exchanges of briefs)—this District requires the accused infringer (who is often seeking narrowing constructions) to file the opening brief. Then, the patentee files an opposition in which it proposes alternatives to the accused infringer's constructions and the accused infringer gets a full opportunity to reply to any alternative construction arguments the patentee made. Through this procedure, Nest will have ample opportunity to address any of Plaintiffs' alternative proposals and the Court will have a complete record of the several alternatives as well as the intrinsic and extrinsic evidence supporting the proposed constructions of both parties.

Moreover, Nest's proposed relief of preventing Plaintiffs from proposing alternative constructions would manifest an illogical result. The Court's Order required the parties to exchange both proposed terms and proposed constructions on the same day. Under Nest's interpretation, in order to be "permitted" to offer any alternative construction for a term/phrase, Plaintiffs would have had to perfectly predict all 80+ claim phrases on Nest's initial list to include on Plaintiffs' list (along with 80+ proposed constructions) while simultaneously knowing that the parties are bound to a limit of 10 disputed claim terms/phrases for construction. If

---

prior to the inception of claim construction briefing. Likewise, in *Information Technology Innovation, LLC v. Motorola, Inc.*, 391 F. Supp. 2d 719 (N.D. Ill. 2005) the court prevented defendants from proposing constructions on claim terms because defendants failed to address these specific terms in their responsive claim construction brief, after they had been specifically identified and construed in plaintiff's opening claim construction brief. Lastly, the court's analysis in *Negotiated Data Solutions, Inc. v. Apple, Inc.*, No. 2:11-cv-390, 2012 WL 6494240, at *17 n.4 (E.D. Tex. Dec. 13, 2012) addressed defendants acting in bad faith during the claim construction process. Specifically, the court admonished defendants from arguing alternative constructions in future expert reports after defendants had failed to raise those arguments during the claim construction process. Here, Plaintiffs seek to present all supportable constructions to the Court through its briefing and arguments at the claim construction hearing. Plaintiffs do not wish to revisit these issues again later in the case. This cannot be considered "laying behind the log," as Nest contends. *Negotiated Data Solns.*, 2010 WL 6494240, at *17 n.4. Nest's mischaracterization of its supporting case law highlights the baselessness of its motion.

Plaintiffs did not initially propose a claim term/phrase on April 21st that the parties ultimately agreed to dispute a specific term/phrase for claim construction purposes, then under Nest's world view, Plaintiffs would be forbidden from offering any alternative construction for that phrase. Nothing in the Court's Order, the Local Patent Rules, or the cases Nest relies on require a negotiated exchange of proposed constructions before the commencement of the briefing process.

### C. Nest's Arguments About Plaintiffs' Reservation Of Rights Are Baseless

Nest's complaints about Plaintiffs' reservation of rights ring particularly hollow. First, Plaintiffs believe it is wholly unnecessary to burden the Court with more than 10 disputed claim terms for construction, particularly in light of the readily understandable claim language. Plaintiffs do not intend to attempt to further supplement Nest's original proposal of 80+ claim terms/phrases or Nest's final proposal of 27 disputed claim terms/phrases. Nest has already raised far too many claim terms/phrases for construction. Rather than further expanding the number of proposed claims/terms for construction, Plaintiffs are attempting to substantially reduce Nest's extensive list of proposed terms/phrases to present no more than 10 disputed terms/phrases to the Court for consideration. *See* Plaintiffs' Motion to Enforce Court's Order of March 24, 2014 (Dkt. No. 130).

Nevertheless, Nest's own disclosure had the identical reservation of rights language that its motion now complains about:

> Nest reserves the right to amend its list in light of further discovery, submission of a proposed list of claim terms to be construed and constructions by Plaintiffs, claim interpretation positions taken by Plaintiffs during expert discovery, and/or any relevant orders of the Court or as otherwise allowed by the local or federal rules. Nest does not assert that this list is exhaustive, but merely representative of the claim construction issues Nest has identified as of April 21, 2014. Nest specifically reserves the right

> to revise this list and/or respond to any terms or constructions proposed by Plaintiffs. Nest does not, in any way, accept or acquiesce to any particular claim construction advanced by Plaintiffs, nor should Nest's selection (or omission) of claim terms or proposed construction be considered an admission in any form.

Ex. A at 2. Essentially, Nest now complains of conduct, common during claim construction proceedings in the Northern District of Illinois, which it too has expressly requested the right to do and has even engaged in.

Similarly, while the parties were attempting to reduce the number of disputed claim terms, Nest asked Plaintiffs to consider agreement to Nest's proposed construction of four claim phrases. Plaintiffs agreed to Nest's construction for one phrase, and provided counter-proposals for two others. Nest rejected one of Plaintiffs' counter-proposals, but provided a further revision of the other counter-proposal. The parties continued to engage in a meaningful dialog concerning this term. *See* Ex. B. Ultimately, Nest agreed to a revised counter-proposal offered by Plaintiffs for this term. Plaintiffs engaged in this productive exercise upon Nest's solicitation. Nest now seeks to prohibit this negotiation process from occurring (or continuing) for the five or six additional terms that the parties ultimately agree to dispute and present to the Court. This is unwarranted and counterproductive.

Importantly, Plaintiffs maintain that the terms and phrases of the asserted claims should all receive their plain and ordinary meaning. But alternative proposals to Nest's constructions should be able to be raised in claim construction briefing. Alternative proposals may also be required to illustrate Nest's unreasonably narrow positions, illustrate how Nest's proposed constructions run afoul of the specification, intrinsic, and/or extrinsic evidence, or in an effort to reach agreement and limit the number of terms/phrases to no more than 10 as required by the Court's Order and the Local Patent Rules. In order to expedite the claim construction process,

Plaintiffs provide as Exhibit C their counter-proposals for the four (or five) terms/phrases the parties have agreed (as of the date of filing this opposition) require construction.[2] There are not "new" proposals or new constructions, but merely responses to terms that Nest is insisting be among those that the Court construes. If Nest had simply narrowed down its wish list of terms earlier and asked, Plaintiffs would have provided these during the lengthy negotiations that the parties had all week on these issues. Under normal circumstances, Nest would get these counter-proposals when Plaintiffs responsive brief is filed on May 12, 2014. Because Plaintiffs are providing these ***before*** the claim construction begins, Nest's complaints of "prejudice" are entirely unfounded.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Nest's Motion to Bar Plaintiffs from Proposing New Claim Terms or Claim Constructions (Dkt. No. 129).

Dated: April 28, 2014

Respectfully submitted,

/s/ Sanjay K. Murthy

Sanjay K. Murthy
sanjay.murthy@klgates.com
Benjamin E. Weed
benjamin.weed@klgates.com
Devon C. Beane
devon.beane@klgates.com
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602

---

[2] Plaintiffs proposed constructions are in response to Nest's most recent proposals. Plaintiffs, however, may be amenable to any revised constructions Nest proposes in its opening claim construction brief. Unsurprisingly, agreed constructions are the ultimate goal in every claim construction proceeding.

Tel: (312) 372-1121
Fax: (312) 827-800

Bryan J. Sinclair (*pro hac vice*)
bryan.sinclair@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, CA
Tel: (650) 798-6700
Fax: (650) 798-6701

Ravi S. Deol
ravi.deol@klgates.com
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5500
Fax: (214) 939-5849

**ATTORNEYS FOR PLAINTIFF BRK BRANDS, INC.**


Lynn J. Alstadt (*pro hac vice*)
lynn.alstadt@bipc.com
Craig G. Cochenour (*pro hac vice*)
craig.cochenour@bipc.com
BUCHANAN INGERSOLL & ROONEY P.C.
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, Pennsylvania 15219-1410
Tel: (412) 562-8800
Fax: (412) 562-1041

**ATTORNEY FOR GARY J. MORRIS, PH.D.**