**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRK BRANDS, INC., and GARY J. MORRIS, PH.D., | |
| Plaintiffs, | Civil Action No.: 13-cv-7900 |
| v. | Honorable Richard A. Posner |
| NEST LABS, INC., | |
| Defendant. | |

**PLAINTIFFS' STIPULATION TO ENTRY OF**
**FINAL JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT**

Plaintiffs BRK Brands, Inc. and Gary J. Morris (collectively "Plaintiffs") respectfully come before the Court and stipulate to (1) entry of final judgment of invalidity of claims 6 and 16 of the '780 patent; and (B) entry of final judgment of non-infringement of all of the Final Morris Asserted Claims (claim 20 of the '310 patent; claim 38 of the '424 patent; claim 4 of the '780 patent; claims 10 and 22 of the '798 patent; and claim 7 of the '040 patent) based upon the rulings in the Court's May 27, 2014 Claim Construction Order (Dkt. No. 152) ("May 27 Order").

Plaintiffs' stipulation to the invalidity of claims 6 and 16 of the '780 patent is based on the Court's finding that claim term group 7 terms ("a processor programmed for retrieving a selected tonal alarm pattern and presenting same to the audible alarm") are indefinite.

Plaintiffs' stipulation of non-infringement of claim 20 of the '310 patent; claim 38 of the '424 patent; claim 4 of the '780 patent; claims 10 and 22 of the '798 patent; and claim 7 of the '040 patent ("Final Morris Asserted Claims") is based on the Court's May 27 Order as set forth below.

Plaintiffs' stipulation of non-infringement of claim 20 of the '310 patent; claim 4 of the '780 patent; claims 10 and 22 of the '798 patent; and claim 7 of the '040 patent is based on the Court's construction of the claim term group 2 terms summarized below[1]:

| **Final Morris Asserted Claim(s)** | **Term** | **Court's Construction** |
|---|---|---|
| '310 Patent Claim 20[2]<br>'040 Patent Claim 7 | "outputs…an interleaved…[message] in a respective silent interval" | "The parties agree that these claims refer to the verbal messages of alarm type (fire, carbon monoxide) and/or location (such as basement or kitchen) that are broadcast during the 'silent' periods between groups of tones. The point of dispute between the parties regarding the second claim group is whether the verbal messages must be *the same* for any given alarm. BRK argues that the claim terms cover an alarm sensing a fire in the basement that announced the following alert: 'beep beep beep—fire—beep beep beep—basement—beep beep beep—fire—beep beep beep—basement' (and so on—the beeps are the alarm tones as distinct from the verbal messages sandwiched between them). Nest argues that the claim is that the alarm may say any one of 'fire,' 'basement,' or 'fire in basement,' but not an interleaving of messages in the way BRK asserts.<br><br>Nest is correct. The inventions claimed in the Morris patents are not able to interleave the messages. . . . But it is apparent from the claim that the message is interleaved not with other messages but with the tone groups." (Dkt. No. 152 at 3-4; *see also id.* at 12 (listing disputed terms and proposed constructions). |
| '798 Patent Claim 10 (and claim 1 from which claim 10 depends) | "[message] . . . emitted in respective silent intervals" ('798 claim 1)<br><br>"emits…[message(s)] in respective silent intervals" ('798 claim 10) | |
| '798 Patent Claim 22 | "injects…[fire indicating word] into only the second time intervals [between groups of tones]" | |
| '780 Patent Claim 4 | "[voice message] is emitted during periods of silence" | |

---

[1] The table and language excerpted in this stipulation are not intended to modify or restate the Court's Order, which includes specific claim constructions and additional reasoning. Portions quoted in the tables herein are provided only to identify the rationale that support the stipulation and are not intended to limit specific definitions or supporting analysis in the Court's May 27 Order.

[2] References are to the asserted claims which may include the terms at issue based on dependency from independent claims (e.g., '310 patent, claim 20 contains this language based on a dependency from claim 14).

Based on the Court's construction of the group 2 claim terms, Plaintiffs stipulate that all variations and version of the Nest Protect that have been released into the market or any that are not substantially different with respect to the claims terms at issue here do not infringe these asserted claims literally or under the doctrine of equivalents because all variations and versions of the Nest Protect do not play the same verbal message in each of the silent periods between the groups of tones.[3]

Plaintiffs' stipulation of non-infringement of claim 20 of the '310 patent; claim 38 of the '424 patent; claims 10 and 22 of the '798 patent; and claim 7 of the '040 patent is based on the Court's construction of the claim term group 5 terms summarized below:

| Final Morris Asserted Claim(s) | Term | Court's Construction |
|---|---|---|
| '310 Patent Claim 20<br><br>'798 Patent Claim 10<br><br>'040 Patent Claim 7 | "control electronics" | The Court identified the parties' dispute as whether these terms could be properly construed to encompass software for performing the recited functions of: "causes the selected location message to be repetitively emitted in the respective silent intervals" (e.g., '798 claim 1); "repetitively injects the stored fire indicating word into only the second time intervals between groups of fire alarm indicating tones" ('798 claim 19); and "repeatedly verbalizes the selected pre-recorded user unalterable location message during at least some of the silent periods" ('798 claim 37). Dkt. No. 152 at 4 ("The dispute concerning these claims is over whether the patents disclose an invention programmable by software. BRK says yes, Nest no."); *see also* Transcript of Proceedings of May 20, 2014 at 45-46.<br><br>"Again Nest is correct. . . . Just as in *MIT v. Abacus Software*, 462 F.3d 1344, 1356–57 (Fed. Cir. 2006), |
| '798 Patent Claim 22 | "control element" | |
| '424 Patent Claim 38 | "electronic circuit" | |

---

[3] This stipulation and associated motion for entry of judgment apply to the Nest Protect products that have been released into the market and any products that are substantially the same as applied to the terms at issue here. Nothing in this stipulation is intended to waive any future cause of action related to products that have not been released into the market that are substantially different with respect to the terms at issue here.

| **Final Morris Asserted Claim(s)** | **Term** | **Court's Construction** |
|---|---|---|
| | | no one reading the patents would think they embraced software, and so, as held in the case just cited, they don't." Dkt. No. 152 at 4.<br><br>"I conclude that the claim terms at issue refer only to circuits that are programmable by hardware." *Id.* at 6. |

Based on the Court's construction of the group 5 claim terms, Plaintiffs stipulate that all variations and version of the Nest Protect that have been released into the market or any that are not substantially different with respect to the claims terms at issue here do not infringe these asserted claims literally or under the doctrine of equivalents because all variations and versions of the Nest Protect, to the extent they perform the recited functions, do so using software, not just hardware.[4]

Plaintiffs further stipulate and agree that, by not opposing Plaintiffs' motion for entry of a final judgment, Defendant does not thereby waive any argument or defense including those relating to the non-infringement, invalidity or enforceability of any of the patents-in-suit.

Each of Plaintiffs' stipulations is subject to their right to appeal the Court's claim construction order and any final judgment based thereon.

This Stipulation is entered without prejudice to the parties' rights to appeal any other aspect of the Court's ruling preceding the Stipulated Order of Dismissal and Final Judgment, as well as future orders issued by the Court.

---

[4] This stipulation and associated motion for entry of judgment apply to the Nest Protect products that have been released into the market and any products that are substantially the same as applied to the terms at issue here. Nothing in this stipulation is intended to waive any future cause of action related to products that have not been released into the market that are substantially different with respect to the terms at issue here.

Date: June 6, 2014

        Respectfully submitted,

        /s/ Sanjay K. Murthy

Sanjay K. Murthy
sanjay.murthy@klgates.com
Benjamin E. Weed
benjamin.weed@klgates.com
Devon C. Beane
devon.beane@klgates.com
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
Fax: (312) 827-800

Bryan J. Sinclair (*pro hac vice*)
brian.sinclair@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, CA
Tel: (650) 798-6700
Fax: (650) 798-6701

Ravi S. Deol
ravi.deol@klgates.com
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5500
Fax: (214) 939-5849

**ATTORNEYS FOR PLAINTIFF BRK BRANDS, INC.**

Lynn J. Alstadt (*pro hac vice*)
lynn.alstadt@bipc.com
Craig G. Cochenour (*pro hac vice*)
craig.cochenour@bipc.com
BUCHANAN INGERSOLL & ROONEY P.C.
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, Pennsylvania 15219-1410
Tel: (412) 562-8800

Fax: (412) 562-1041

**ATTORNEYS FOR PLAINTIFF GARY J. MORRIS, PH.D.**