**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRK BRANDS, INC., and<br>GARY J. MORRIS, PH.D.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>NEST LABS, INC.,<br><br>                    Defendant. | Civil Action No.: 13-cv-7900<br><br>Honorable Richard A. Posner |

**PLAINTIFFS' UNOPPOSED MOTION TO ENTER FINAL JUDGMENT OF**
**INVALIDITY AND NON-INFRINGEMENT FOR THE MORRIS PATENTS**

Plaintiffs BRK Brands, Inc. ("BRK") and Gary J. Morris ("Morris") (collectively "Plaintiffs") respectfully submit this unopposed motion to resolve all remaining issues related to U.S. Patent Nos. 6,144,310 ("the '310 patent"), 6,600,424 ("the '424 patent"), 6,323,780 ("the '780 patent"), 6,784,798 ("the '798 patent"), and 7,158,040 ("the '040 patent") (the "Morris Patents") and 6,377,182 ("the '182 patent") (collectively "Patents-in-Suit").

Plaintiffs assert that BRK is the exclusive licensee of the Morris Patents with all substantial rights in and to those patents. BRK also asserts that it is the owner by assignment of the '182 patent. As part of Plaintiffs' final election of asserted claims, Plaintiffs selected claim 20 of the '310 patent; claim 38 of the '424 patent; claim 4 of the '780 patent; claims 10 and 22 of the '798 patent; and claim 7 of the '040 patent ("Final Morris Asserted Claims") and claims 8, 11, 20 and 30 of the '182 patent.

On May 27, 2014, the Court entered its Claim Construction Order (Dkt. No. 152) ("May 27 Order") construing certain disputed terms in the Final Morris Asserted Claims of the Patents-in-Suit. Based on the Court's May 27 Order and subject to their right to appeal the Court's claim

construction order and entry of a final judgment, Plaintiffs stipulate to (A) entry of final judgment of invalidity of claims 6 and 16 of the '780 patent; and (B) entry of final judgment of non-infringement of all of the Final Morris Asserted Claims (claim 20 of the '310 patent; claim 38 of the '424 patent; claim 4 of the '780 patent; claims 10 and 22 of the '798 patent; and claim 7 of the '040 patent). Plaintiffs' non-infringement stipulation for the Final Morris Asserted Claims is based on the Court's construction of the language in Claim term group 2 (messages emitted or output in silent intervals or periods of silence) (Dkt. No. 152 at 3-4) and Claim term group 5 ("control electronics") (Dkt. No. 152 at 4-6). *See Genzyme Corp. v. Transkaryotic Therapies, Inc.*, 346 F.3d 1094, 1106 (Fed. Cir. 2003) (affirming the judgment of non-infringement based on its affirmance of one of three disputed terms); *see also Mass. Inst. of Tech. & Elecs. for Imaging, Inc. v. Abacus Software*, 462 F.3d 1344, 1351 (Fed. Cir. 2006) (noting the importance of identifying in a stipulated judgment of non-infringement which of "many claim construction rulings are dispositive") (hereafter "*MIT*").

Plaintiff BRK is also filing concurrently herewith a stipulation of dismissal without prejudice of its claims for infringement of the '182 patent against any and all versions of the Nest Protect.

In support of this motion, Plaintiffs state:

1. The Court's May 27 Order found the terms in Claim term group 7 ("a processor programmed for retrieving a selected tonal alarm pattern and presenting same to the audible alarm") were indefinite and thus claims 6 and 16 of the '780 patent were invalid as indefinite. Dkt. No. 152 at 7-8.

2. The claim term group 2 terms were construed by the Court as summarized below[1]:

---

[1] The table and language excerpted in this motion are not intended to modify or restate the Court's Order, which includes specific claim constructions and additional reasoning. Portions quoted in the tables herein

| Final Morris Asserted Claim(s) | Term | Court's Construction |
|---|---|---|
| '310 Patent Claim 20[2]<br><br>'040 Patent Claim 7 | "outputs…an interleaved…[message] in a respective silent interval" | "The parties agree that these claims refer to the verbal messages of alarm type (fire, carbon monoxide) and/or location (such as basement or kitchen) that are broadcast during the 'silent' periods between groups of tones. The point of dispute between the parties regarding the second claim group is whether the verbal messages must be *the same* for any given alarm. BRK argues that the claim terms cover an alarm sensing a fire in the basement that announced the following alert: 'beep beep beep—fire—beep beep beep—basement—beep beep beep—fire—beep beep beep—basement' (and so on—the beeps are the alarm tones as distinct from the verbal messages sandwiched between them). Nest argues that the claim is that the alarm may say any one of 'fire,' 'basement,' or 'fire in basement,' but not an interleaving of messages in the way BRK asserts. |
| '798 Patent Claim 10 (and claim 1 from which claim 10 depends) | "[message] . . . emitted in respective silent intervals" ('798 claim 1)<br><br>"emits…[message(s)] in respective silent intervals" ('798 claim 10) | |
| '798 Patent Claim 22 | "injects…[fire indicating word] into only the second time intervals [between groups of tones]" | |
| '780 Patent Claim 4 | "[voice message] is emitted during periods of silence" | Nest is correct. The inventions claimed in the Morris patents are not able to interleave the messages. . . . But it is apparent from the claim that the message is interleaved not with other messages but with the tone groups." (Dkt. No. 152 at 3-4; *see also id.* at 12 (listing disputed terms and proposed constructions). |

3.      Based on the Court's construction of the group 2 claim terms (as reflected in Dkt. No. 152 at 3-4 and the appendix thereto), Plaintiffs stipulate that all variations and versions of the Nest Protect that have been released into the market or any that are not substantially different with respect to the claims terms at issue here do not infringe these asserted claims literally or

---

are provided only to identify the rationale that support the motion and are not intended to limit specific definitions or supporting analysis in the Court's May 27 Order.

[2] References are to the asserted claims which may include the terms at issue based on dependency from independent claims (e.g. '310 claim 20 contains this language based on a dependency from claim 14).

under the doctrine of equivalents because all variations and versions of the Nest Protect do not play the same verbal message in each of the silent periods between the groups of tones.[3]

4.    The claim term group 5 terms were construed by the Court:

| Final Morris Asserted Claim(s) | Term | Court's Construction |
|---|---|---|
| '310 Patent Claim 20<br><br>'798 Patent Claim 10<br><br>'040 Patent Claim 7 | "control electronics" | The Court identified the parties' dispute as whether these terms could be properly construed to encompass software for performing the recited functions of: "causes the selected location message to be repetitively emitted in the respective silent intervals" (e.g., '798 claim 1); "repetitively injects the stored fire indicating word into only the second time intervals between groups of fire alarm indicating tones" ('798 claim 19); and "repeatedly verbalizes the selected pre-recorded user unalterable location message during at least some of the silent periods" ('798 claim 37). Dkt. No. 152 at 4 ("The dispute concerning these claims is over whether the patents disclose an invention programmable by software. BRK says yes, Nest no."); *see also* Transcript of Proceedings of May 20, 2014 at 45-46.<br><br>"Again Nest is correct. . . . Just as in *MIT v. Abacus Software*, 462 F.3d 1344, 1356–57 (Fed. Cir. 2006), no one reading the patents would think they embraced software, and so, as held in the case just cited, they don't." Dkt. No. 152 at 4.<br><br>"I conclude that the claim terms at issue refer only to circuits that are programmable by hardware." *Id.* at 6. |
| '798 Patent Claim 22 | "control element" | |
| '424 Patent Claim 38 | "electronic circuit" | |

5.    Based on the Court's construction of the group 5 claim terms (as reflected in Dkt. No. 152 at 4-6 and the appendix thereto), Plaintiffs stipulate that all variations and versions of the Nest Protect that have been released into the market or any that are not substantially different

---

[3] This motion for entry of judgment applies to the Nest Protect products that have been released into the market and any products that are substantially the same as applied to the terms at issue here. Nothing in this motion is intended to waive any future cause of action related to products that have not been released into the market that are substantially different with respect to the terms at issue here.

with respect to the claims terms at issue here do not infringe these asserted claims literally or under the doctrine of equivalents because all variations and versions of the Nest Protect, to the extent they perform the recited functions, do so using software, not just hardware.[4]

6.      To obtain expedited review, Plaintiffs are willing to stipulate to entry of final judgment of invalidity of claims 6 and 16 of the '780 patent and non-infringement of the Final Morris Asserted Claims.  This is a well-accepted practice.  *MIT*, 462 F.3d at 1350 ("[T]he parties 'stipulate[d] to entry of final judgment of non-infringement of [the '919 patent] based on the Court's claim construction.' . . . We have jurisdiction under 28 U.S.C. § 1295(a)(1).").

7.      In light of the above, Plaintiffs conferred with Defendant Nest Labs, Inc. ("Nest") with respect to the present motion.  Nest has agreed to BRK's request to dismiss BRK's claims for infringement of the '182 patent without prejudice and the parties are concurrently filing a stipulation to that effect.

8.      Nest does not oppose this motion and Plaintiffs agree that this action is without prejudice to Nest's right to assert any and all defenses it may have if this matter is not resolved on appeal.

Given the Court's dispositive claim construction ruling as noted above and Plaintiffs' stipulation to entry of a final judgment, it is to the benefit of the Court and the parties to enter this final judgment rather than encumber the Court's and the parties' resources when the outcome (prior to any appeal) is certain.  This motion is made subject to and without prejudice to Plaintiffs' ability to appeal the Court's May 27 Order and any final judgment based thereon.

---

[4] This motion for entry of judgment applies to the Nest Protect products that have been released into the market and any products that are substantially the same as applied to the terms at issue here.  Nothing in this motion is intended to waive any future cause of action related to products that have not been released into the market that are substantially different with respect to the terms at issue here.

Moreover, if the judgment is not affirmed on appeal and this matter is remanded, this motion is without prejudice to the parties' ability to challenge or appeal any further order of the Court or the application of the Court's constructions for purposes of infringement and validity.

Date: June 6, 2014

Respectfully submitted,

/s/ Sanjay K. Murthy
Sanjay K. Murthy
sanjay.murthy@klgates.com
Benjamin E. Weed
benjamin.weed@klgates.com
Devon C. Beane
devon.beane@klgates.com
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
Fax: (312) 827-800

Bryan J. Sinclair (*pro hac vice*)
brian.sinclair@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, CA
Tel: (650) 798-6700
Fax: (650) 798-6701

Ravi S. Deol
ravi.deol@klgates.com
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5500
Fax: (214) 939-5849

**ATTORNEYS FOR PLAINTIFF BRK BRANDS, INC.**

Lynn J. Alstadt (*pro hac vice*)

lynn.alstadt@bipc.com
Craig G. Cochenour (*pro hac vice*)
craig.cochenour@bipc.com
BUCHANAN INGERSOLL & ROONEY P.C.
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, Pennsylvania  15219-1410
Tel:  (412) 562-8800
Fax:  (412) 562-1041

**ATTORNEYS FOR PLAINTIFF GARY J. MORRIS, PH.D.**

## [PROPOSED] ORDER

For each of the reasons stated herein, the Court GRANTS Plaintiffs' motion and ORDERS the Clerk of Court to enter a final judgment of: (A) invalidity of claims 6 and 16 of the '780 patent; and (B) non-infringement of all of the Final Morris Asserted Claims (claim 20 of the '310 patent; claim 38 of the '424 patent; claim 4 of the '780 patent; claims 10 and 22 of the '798 patent; and claim 7 of the '040 patent).

Dated this ____ day of _____, 2014.

_____
Richard A. Posner
United States Circuit Judge