UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRK BRANDS, INC., and<br>GARY J. MORRIS, PH.D.,<br><br>                        Plaintiffs,<br><br>    v.<br><br>NEST LABS, INC.,<br><br>                        Defendant. | Civil Action No.: 13-cv-7900<br><br>Honorable Richard A. Posner |

**PLAINTIFFS' BRIEF IN RESPONSE TO THE COURT'S JUNE 11, 2014
ORDER REGARDING STIPULATION OF NON-INFRINGEMENT**

On June 11, 2014, this Court ordered Plaintiffs BRK Brands, Inc. ("BRK") and Gary J. Morris ("Morris") (collectively "Plaintiffs") to submit "a brief explaining the legal basis for their proposed stipulated judgment . . ." (Order at 2). Plaintiffs submit this brief in response to the Court's Order.

**I. Under This Court's Claim Construction, Plaintiffs Cannot Proceed With Their Infringement Case Regarding the Morris Patents**

This Court entered its claim construction on May 27, 2014. Based on the constructions in that order, Plaintiffs agreed that Defendant's Nest Protect device does not infringe the Morris Asserted Claims.[1] Moreover, the Court found that claims 6 and 16 of the '780 patent were invalid as indefinite. Given these rulings, the parties agreed that a stipulation of non-infringement and unopposed motion was the most efficient method of resolving this case.

Under Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), a party may seek

---

[1] The Morris Asserted Claims are claim 20 of the '310 patent; claim 38 of the '424 patent; claims 10 and 22 of the '798 patent; and claim 7 of the '040 patent.

summary judgment on a claim or defense presented in a case. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this case, the parties agreed, based on the Court's claim construction, that there was no genuine dispute regarding infringement of the Morris Asserted Claims. Rather than extend the inevitable through summary judgment briefing, Plaintiffs, with the consent of Nest, filed a stipulation of non-infringement and unopposed motion for entry of final judgment.

Plaintiffs' stipulation and unopposed motion has the same effect as if Nest had filed an unopposed motion for summary judgment under Rule 56.[2] Indeed, Rule 56 "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see Burdick v. Union Sec. Ins. Co.*, No. 07-cv-4028, 2009 WL 4798873, at *20 (C.D. Cal. Dec. 9, 2009) ("In the interest of litigating this matter expeditiously and efficiently, the Court believes it is both in the parties' best interest and consistent with the Federal Rules . . . for the parties to stipulate to final judgment to allow the immediate appeal of all issues in this litigation."). Thus, there can be no "contested" final judgment in this case because the parties here *agree* that there is no infringement of the Morris Asserted Claims under this Court's claim constructions.[3] Therefore, Plaintiffs' proposed course of action is supported by and consistent with Rule 56, Rule 1, and Rule 11.

## II. Plaintiffs' Stipulation Completely Disposes of This Case

There is also no dispute that a judgment of non-infringement completely disposes of this

---

[2] If the Court desires a different procedure, Nest can file an unopposed motion for summary judgment based on Plaintiffs' stipulation. This Court can then grant that motion, essentially achieving the same result.

[3] Indeed, if Plaintiffs were to continue pressing forward with non-meritorious infringement claims in light of the Court's claim construction, Defendant would likely argue that Plaintiffs had run afoul of their ethical obligations under Federal Rule of Civil Procedure 11.

case. Nest's Answer to the Complaint raises only affirmative defenses to Plaintiffs' claims of infringement. *See* Dkt. No. 126. Given that Plaintiffs' claims of infringement have been disposed of via a binding stipulation and request for entry of judgment, there are no other live issues to decide preventing entry of a final judgment.[4] *See, e.g.*, *Nestier Corp. v. Menasha Corp.–Lewisystems Div.*, 739 F.2d 1576, 1581 (Fed. Cir. 1984) (where the patent "was judged to have been not infringed . . . to then adjudge the patent valid would be to decide an unnecessary question as between these parties"); *see also Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1481 (Fed. Cir. 1998) (expressly declining to require trial courts to decide issues of validity once a dispute has been finally disposed of on other grounds). As one district court faced with this issue explained, "where, as here, the issue of invalidity is raised solely as an affirmative defense, rather than as a counterclaim for declaratory judgment, a district court's resolution of the invalidity issue after a finding of non-infringement constitutes unnecessary dicta, if not, in certain circumstances, reversible error." *Wireless Ink Corp. v. Facebook, Inc.*, 969 F.Supp.2d 318, 338-39 (S.D.N.Y. 2013) (citations omitted). Thus, given that non-infringement has been conceded, there is nothing further for this Court to decide.[5]

---

[4] Even if Nest had a counterclaim, instead of an affirmative defense, a district court still does not have to reach validity issues after finding no infringement. *Phonometrics, Inc. v. N. Telecom Inc.,* 133 F.3d 1459, 1468 (Fed. Cir. 1998) ("A district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement."); *Angelo Mongiello's Children, LLC v. Pizza Hut, Inc.*, 70 F. Supp. 2d 196, 208 (E.D.N.Y. 1999) (declining to address a summary judgment motion as it related to invalidity after determining that there was no infringement).

[5] Pursuant to Fed. R. Civ. P. 41(A)(ii), Plaintiff BRK and Nest simultaneously stipulated to dismissal without prejudice of the claims and defenses associated with the '182 Patent, which was not the subject of the non-infringement stipulation. As Rule 41(A)(ii), does not require a Court order to effectuate the dismissal, no other claims or defenses remain before this Court to address or decide.

### III. Plaintiffs Are Not Seeking Interlocutory Review of This Court's *Markman* Ruling

The Court suggests that plaintiffs are "creat[ing] a backdoor method of interlocutory appeal." (Order at 2). Plaintiffs respectfully disagree.

This is not a situation where the Court has made a preliminary ruling with which Plaintiffs simply quarrel. Rather, the Court has made a preliminary ruling on several fundamental issues essential to Plaintiffs' infringement case, and a ruling that results in the Nest device not infringing. Thus, that ruling conclusively impacts Plaintiffs' ability to press forward with its case.

As the Federal Circuit explained in *Jang v. Boston Scientific Corp.*, 532 F.3d 1330, 1334 (Fed. Cir. 2008), a stipulated judgment, like the one presented here, is reviewable on appeal:

> It is clear that a judgment entered based on a stipulation of the parties may in appropriate circumstances be reviewed on appeal. Indeed, this court has reviewed stipulated judgments based on claim construction when the judgments were entered with the express purpose of obtaining appellate review of the claim construction. See, e.g., Oatey Co. v. IPS Corp., 514 F.3d 1271, 1276 (Fed. Cir. 2008); Ventana Med. Sys., Inc. v. Biogenex Labs., Inc., 473 F.3d 1173, 1177 (Fed. Cir. 2006); Generation II Orthotics Inc. v. Med. Tech. Inc., 263 F.3d 1356, 1363 (Fed. Cir. 2001); Interactive Gift Express, Inc. v. Compuserve Inc., 256 F.3d 1323, 1330 (Fed. Cir. 2001).

But the Federal Circuit is also cognizant of the concern raised by this Court that parties not seek advisory rulings or interlocutory review of *Markman* Orders. *Jang*, 532 F.3d at 1136-37 ("If we did not require clarification of the stipulated judgment in this case, we would risk rendering an advisory opinion as to claim construction issues that do not actually affect the infringement controversy between the parties."). As a result, the Federal Circuit requires stipulated judgments, like the one Plaintiffs filed here, to be fact specific so that its ruling on appeal is not merely advisory in nature. *Jang*, 532 F.3d at 1336-37 (remanding because "the stipulated judgment provides no factual context for the claim construction issues presented by the parties. In particular, nothing in the

stipulated judgment provides any context with respect to how the disputed claim construction rulings relate to the accused products.").

Here, Plaintiffs' stipulation is not a bare bones document simply requesting review of the Court's *Markman* Order. Rather, consistent with the holding in *Jang*, Plaintiffs' stipulation includes detailed facts as to why they cannot prove infringement under this Court's claim construction. *See* Dkt. No. 156. Because Plaintiffs provide detailed factual reasons how the claim construction ruling relates to the accused products, if the Federal Circuit affirms this Court's claim construction ruling, this case will be over. Accordingly, Plaintiffs' forthcoming appeal is *not* "interlocutory" in nature. Rather, it is no different in substance from an appeal following a court's entry of summary judgment of non-infringement.

Furthermore, the procedure proposed by the parties is widely used because it conserves party and judicial resources. For example, in the following cases, the parties stipulated to judgments of non-infringement following a claim construction decision:

- *Suffolk Techs., LLC v. AOL Inc.*, No. 2013-1392, 2014 U.S. App. LEXIS 9697 (Fed. Cir. May 27, 2014)

- *Microsoft Corp. v. DataTern, Inc.*, No. 2013-1184, 2014 U.S. App. LEXIS 8419, at *24 (Fed. Cir. May 5, 2014) ("Because DataTern stipulated that SAP does not infringe based on the district court's determination that an object model must include classes, we affirm summary judgment of SAP's noninfringement of the '502 patent.")

- *GE Lighting Solutions, LLC v. AgiLight, Inc.*, No. 2013-1267, 2014 U.S. App. LEXIS 8202 (Fed. Cir. May 1, 2014)

- *Starhome GmbH v. AT&T Mobility LLC*, 743 F.3d 849, 854 (Fed. Cir. 2014) ("Where, as here, a plaintiff concedes noninfringement by stipulation, we need only address the district court's construction of the pertinent claims." (citations omitted)).

In all of the above cases the Federal Circuit affirmed the claim constructions, as well as the stipulated judgments, avoiding wasted resources from trying non-meritorious infringement cases.

Thus, Plaintiffs' proposed course of action cannot be construed as a "back door"

procedure to simply obtain review of the Court's *Markman* ruling. On the contrary, it is in all respects the same as an appeal from a district court's ruling on summary judgment of non-infringement based on undisputed facts.

### IV. Plaintiffs' Proposed Procedure Has Been Used in This Circuit

Plaintiffs' proposed procedure to resolve a case-dispositive interpretation issue on appeal is not unique to patent law and has been previously used in this Circuit. For example, in *Officer v. Chase Insurance Life and Annuity Co.*, 541 F.3d 713 (7th Cir. 2008), the district court denied plaintiff's motion for summary judgment on a contract interpretation issue. After the district court's ruling, the parties entered into a stipulation and "filed an agreed motion for entry of final judgment in [defendant's] favor, with [plaintiff] reserving the right to appeal the denial of his summary judgment motion." *Id.* at 714. Nowhere in *Officer* did the Seventh Circuit suggest that there was no jurisdictional basis for the appeal. The Seventh Circuit also did not suggest that plaintiff had run afoul of the final judgment rule by stipulating to entry of final judgment based on the district court's ruling. On the contrary, the Seventh Circuit heard the appeal and affirmed the district court. *Id.*

### V. Conclusion

Given the Court's dispositive claim construction ruling as noted above and Plaintiffs' stipulation to non-infringement of the Morris Asserted Patents and entry of a final judgment, it is to the benefit of the Court and the parties to enter this final judgment rather than encumber the Court's and the parties' resources when the outcome (prior to any appeal) is certain. Plaintiffs' proposal is supported by the Federal Rules of Civil Procedure and federal common law.

Date: June 15, 2014

    Respectfully submitted,

    /s/ Sanjay K. Murthy

Sanjay K. Murthy
sanjay.murthy@klgates.com
Benjamin E. Weed
benjamin.weed@klgates.com
Devon C. Beane
devon.beane@klgates.com
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL  60602
Tel: (312) 372-1121
Fax:  (312) 827-800

Bryan J. Sinclair (*pro hac vice*)
brian.sinclair@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, CA
Tel:  (650) 798-6700
Fax:  (650) 798-6701

Ravi S. Deol
ravi.deol@klgates.com
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel:  (214) 939-5500
Fax:  (214) 939-5849

**ATTORNEYS FOR PLAINTIFF BRK BRANDS, INC.**

Lynn J. Alstadt (*pro hac vice*)
lynn.alstadt@bipc.com
Craig G. Cochenour (*pro hac vice*)
craig.cochenour@bipc.com
BUCHANAN INGERSOLL & ROONEY P.C.
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, Pennsylvania  15219-1410
Tel:  (412) 562-8800

   Fax: (412) 562-1041

**ATTORNEYS FOR PLAINTIFF GARY J. MORRIS, PH.D.**