**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRK BRANDS, INC., and<br>GARY J. MORRIS, PH.D.,<br><br>          Plaintiffs,<br><br>    v.<br><br>NEST LABS, INC.,<br><br>          Defendant. | C.A. No. 1:13-cv-07900<br><br>Hon. Richard A. Posner |

**DEFENDANT NEST LABS, INC.'S RESPONSE TO PLAINTIFFS'**
**BRIEF IN RESPONSE TO THE COURT'S JUNE 11, 2014 ORDER**
**REGARDING STIPULATION OF NON-INFRINGEMENT**

Defendant Nest Labs, Inc.'s ("Nest") responds to Plaintiffs' Brief In Response To The Court's June 11, 2014 Order Regarding Stipulation of Non-Infringement (Dkt. No. 160) ("Plaintiffs' Brief").

The facts stipulated to by Plaintiffs' stipulation and motion for entry of final judgment and confirmed by Plaintiffs' Brief actually support entry of summary judgment *sua sponte* by the Court. Given that the facts in Plaintiffs' stipulation and motion are dispositive of non-infringement and that the parties have dismissed the '182 patent from the case (Dkt. No. 158), Defendant respectfully submits that entry of final judgment in the current circumstances is appropriate.

The Court's Claim Construction decision dated May 27, 2014 effectively ended any infringement claim by Plaintiffs, pending an appeal. The Court has already found Claims 6 and 16 of the Morris '780 patent invalid. Dkt. No. 152 at 7-8. Moreover, Plaintiffs have conceded that, in light of the Court's construction of claim term groups 2 and 5, they cannot make a good-

faith claim for infringement of the remaining asserted claims and would have no basis to oppose a motion for summary judgment by Nest. Dkt. No. 160 at 2, nn. 2-3. Plaintiffs' Brief (Dkt. No. 160), and their previously filed stipulation and motion (Dkt. Nos. 156 and 157), all contain admissions of undisputed facts that the Nest Protect does not meet at least one limitation of each of the remaining claims (claim 20 of the '310 patent; claim 38 of the '424 patent; claim 4 of the '780 patent; claims 10 and 22 of the '798 patent; and claim 7 of the '040 patent ("Final Morris Asserted Claims")). Thus, Plaintiffs' stipulation and motion requesting entry of judgment against Plaintiffs are akin to an unopposed motion for summary judgment.

As Plaintiffs bear the burden of proof on infringement, Nest's burden for summary judgment of non-infringement "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Any burden Nest would face in requesting summary judgment has been more than satisfied in this case because Plaintiffs have admitted they cannot show an essential element of their case; thus, summary judgment of non-infringement is appropriate because any other disputes of fact are not material. *Id.* at 322-23. The purpose of summary judgment is to isolate and dispose of factually unsupported claims, such as Plaintiffs' claims for infringement of the Final Morris Asserted Claims. *Id.* at 323-24.

Plaintiffs' stipulation and motion (Dkt. Nos. 156 and 157) as well as statements in Plaintiffs' Brief (Dkt. No. 160) leave no genuine dispute of material fact between the parties regarding non-infringement with respect to claim term groups 2 and 5. In particular, Plaintiffs stipulated that, following the Court's construction, the accused Nest Protect product does not infringe literally or under the doctrine of equivalents any asserted claims containing Group 2 terms because "all variations and versions of the Nest Protect do not play the same verbal

message in each of the silent periods between the groups of tones." Dkt. No. 156 at 3. Similarly, Plaintiffs stipulated that, following the Court's construction, the accused product does not infringe literally or under the doctrine of equivalents any asserted claims containing Group 5 terms because "all variations and versions of the Nest Protect, to the extent they perform the recited functions, do so using software, not just hardware." Dkt. No. 156 at 4. Plaintiffs even confirmed that they would not be in a position to oppose summary judgment on that basis. Dkt. No. 160 at n.2. Plaintiffs' filings establish that Plaintiffs cannot show an essential element of their case. This warrants judgment against Plaintiffs.

The Court has the authority to enter judgment here just as the Court would have the authority to grant summary judgment *sua sponte*. It is widely recognized that a district court judge has the authority to enter summary judgment *sua sponte* so long as the losing party was on notice that it had to come forward with all of its evidence. *Celotex*, 477 U.S. at 326; *see also, Hunger v. Leininger*, 15 F.3d 664, 669 (7th Cir. 1994) ("district judge is authorized to grant summary judgment to a party that has not requested it . . . [and] is not required to conduct a trial when there is no genuine issue of material fact") (citations omitted); *cf. Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.,* 540 F.3d 1337, 1343 & n.3 (Fed. Cir. 2008) (court had jurisdiction to hear appeal from a stipulation to a final judgment of non-infringement where parties sufficiently identified the dispositive term such that the Court could determine "why the district court's construction of that term renders the accused product non-infringing"). Here, Plaintiffs not only were on notice, they actually have requested such a judgment, identified the terms that are dispositive and stipulated to the facts that show Plaintiffs cannot prove infringement. Surely, if the Court has the authority to enter summary judgment *sua sponte*,

Plaintiffs' agreement that summary judgment against them is proper only reinforces that summary judgment is proper here.

In light of the parties' stipulation to dismiss the '182 patent claims (Dkt. No. 158), the Court's ruling that claims 6 and 16 of the '780 patent are invalid (Dkt. No. 152 at 7-8) and the undisputed facts supporting summary judgment that the Final Asserted Morris Claims are not infringed by the Nest Protect as set forth in Plaintiffs' stipulation and motion (Dkt. Nos. 156, 157) and in Plaintiffs' Brief (Dkt. No. 160), there is no remaining dispute that prevents entry of a final judgment.

Dated: June 17, 2014
                                                                    Respectfully Submitted,

                                                                    /s/Kevin X. McGann

                                                                    Kevin X. McGann (*pro hac vice*)
                                                                    Jeffrey J. Oelke
                                                                    John P. Scheibeler (*pro hac vice*)
                                                                    John P. Padro (*pro hac vice*)
                                                                    Vigen Salmastlian (*pro hac vice*)
                                                                    White & Case LLP
                                                                    1155 Avenue of the Americas
                                                                    New York, NY 10036
                                                                    (212) 819-8200

                                                                    John Letchinger
                                                                    Frank Blechschmidt
                                                                    Baker & Hostetler LLP
                                                                    191 North Wacker Drive
                                                                    Chicago, IL 60606-1901
                                                                    (312)416-6206

                                                                    *Attorneys for Defendant Nest Labs, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2014, I electronically filed the foregoing **DEFENDANT NEST LABS, INC.'S RESPONSE TO PLAINTIFFS' BRIEF IN RESPONSE TO THE COURT'S JUNE 11, 2014 ORDER REGARDING STIPULATION OF NON-INFRINGEMENT** with the Clerk of Court using CM/ECF system, which will send notification of such filing to all Counsel of Record.

Date: June 17, 2014

By: */s/ Frank Blechschmidt*

Frank Blechschmidt (#6308606)
Baker & Hostetler LLP
191 North Wacker Drive
Chicago, IL 60606-1901
(312) 416-6295

*One of the Attorneys for Defendant Nest Labs, Inc.*