UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

BRK BRANDS, INC. and
GARY J. MORRIS,

    *Plaintiffs*,

v.

NEST LABS, INC.,

    *Defendant*.

No. 13 C 7900

Judge Richard A. Posner

OPINION OF JUNE 24, 2014

In the wake of the claim construction opinion that I issued on May 27, ECF No. 152, the plaintiffs have filed an unopposed stipulation for the entry of judgment of (1) invalidity as to claims 6 and 16 of the '780 patent and (2) non-infringement of the other asserted claims in the Morris patents (claim 20 of the '310 patent; claim 38 of the '424 patent; claim 4 of the '780 patent; claims 10 and 22 of the '798 patent; and claim 7 of the '040 patent). If granted, the judgment would dispose of all the claims in the case and would thus be a final judgment. The plaintiffs intend to appeal from the judgment forthwith in order to contest my claim construction ruling in the Federal Circuit.

The Federal Circuit has entertained appeals from cases in this procedural posture. See, e.g., *Thorner v. Sony Computer Entertainment America LLC*, 669 F.3d 1362, 1364 (Fed. Cir. 2012); *Jang v. Boston Scientific Corp.*, 532 F.3d 1330, 1334–35 (Fed. Cir. 2008); *Massachusetts Institute of Technology v. Abacus Software*, 462 F.3d 1344, 1350–51 (Fed. Cir. 2006). In light of that court's high rate of reversal of claim construction rulings by the district courts, Kimberly A. Moore, "*Markman* Eight

Years Later: Is Claim Construction More Predictable?" 9 *Lewis & Clark L. Rev.* 231, 239 (2005), this procedure might be thought efficient, although the marginal effect may be small because so many claims are disposed of at a relatively early stage by a grant of summary judgment rather than by the entry of judgment after a trial. Paul R. Michel, *Address to the Association of Corporate Patent Counsel*, at 11–12 (2008), www.patentdocs.typepad.com/patent_docs/files/address_by_chief_judge_michel.pdf (visited June 24, 2014).

It is apparent why the plaintiffs want judgment entered at this time. They don't want to spend money on the litigation in the district court if, unless the claim construction ruling is reversed, their suit is doomed. But the logic of that position is that any time a party encounters a ruling in the district court that unless reversed will doom its case utterly, no matter what further pretrial activity will bring to light, it will stipulate to a judgment against it so that it can take an immediate appeal. But what is the authority of a district court to enter such a stipulated judgment of non-infringement and/or invalidity from which an appeal can be taken? There is no statutory or, so far as I can see, any other legal basis for allowing disappointed plaintiffs a backdoor method of interlocutory appeal—nothing that corresponds, for example, to Fed. R. Crim. P. 11(a)(2), which expressly authorizes a defendant, if judge and prosecutor agree, to "enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea." Rule 11(a)(2) is of course not the only authorization for taking an interlocutory appeal. See, e.g., 28 U.S.C. §§ 1292(a)(1)–(3); Fed. R. Civ. P. 54(b); Fed. R. Civ. P. 23(f); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). But no other method is available when the only ruling sought to be appealed is a ruling on patent claim construction. The plaintiffs' approach would make all "death knell" interlocutory orders (orders that unless reversed would doom one side or the other of the litigation) in patent cases (and doubtless in other types of case as well) appealable immediately. The final judgment rule of 28 U.S.C. § 1291 would be in tatters.

I directed the plaintiffs to submit a brief explaining the legal basis for their approach. They submitted a brief and the defendant has responded. The briefs add little to my short summary above. With one exception, the only authorities cited are decisions of the Federal Circuit endorsing the procedure, but the au-

thorities do not indicate the legal basis for it. The exception is *Officer v. Chase Ins. Life & Annuity Co.*, 541 F.3d 713, 714 (7th Cir. 2008), cited by the plaintiffs; but while the appeal was permitted in that case, there is no discussion of jurisdiction. Nevertheless there is a good deal of authority for the general proposition, which accurately describes this case, that "a plaintiff that deems an interlocutory ruling to be so prejudicial as to deserve immediate review now has the alternative of dismissing the complaint voluntarily." *John's Insulation, Inc. v. L. Addison & Associates, Inc.*, 156 F.3d 101, 107 (1st Cir. 1998), quoted in *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1085 (9th Cir. 2010); see also *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1065–66 (9th Cir. 2014); *Laczay v. Ross Adhesives*, 855 F.2d 351, 354 (6th Cir. 1988); 7B Charles Alan Wright et al., *Federal Practice & Procedure* § 1802, pp. 297–98 (3d ed. 2005); 15A Charles Alan Wright et al., *Federal Practice & Procedure* § 3914.8, pp. 623–24 (2d ed. 1992).

The parties agree, however, that the stipulated judgment that they urge me to enter is equivalent to the grant of summary judgment in favor of the defendant, that if the defendant moved for summary judgment I would have to grant it because my ruling on claim construction has left the plaintiffs without a leg to stand on, and that the grant of summary judgment would dictate the entry of a final judgment, with prejudice, in the defendant's favor. Given the parties' agreement on this point, I find the plaintiffs' motion puzzling. Why urge a procedure for which there is no apparent basis in law, when an established procedure is its exact equivalent?

A court can grant summary judgment even though neither party has moved for it, provided the party against whom summary judgment is entered had notice and an opportunity to produce evidence in opposition to the grant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2720, pp. 339–45 (3d ed. 1998). A judge "is not required to conduct a trial when there is no genuine issue of material fact, just because the parties lack the wit to notice the absence of any triable issues." *Hunger v. Leininger*, 15 F.3d 664, 669 (7th Cir. 1994).

I prefer that approach to the stipulated-judgment approach, which seems to me of doubtful validity. The plaintiffs have conceded that they have no basis for opposing such a motion. I therefore enter summary judgment in favor of the defendant on all claims. A brief explanation of my reasons will suffice.

I've already held claims 6 and 16 of the '780 patent invalid for indefiniteness. See ECF No. 152 at 7–8. The remaining six entries in the plaintiffs' final election of asserted claims are: claim 4 of the '780 patent, claim 20 of the '310 patent, claims 10 and 22 of the '798 patent, claim 7 of the '040 patent, and claim 38 of the '424 patent.

All but claim 38 of the '424 patent depend in part on my construction of the "group 2" claim terms, see ECF No. 152 at 3–4, in which I held that "the verbal [warning] messages must be *the same* for any given alarm," because the claims disclose an invention "capable of generating only one type of output and thus would not enable the playing of separate messages for the same alarm event." *Id.* at 3. The plaintiffs concede that "all variations and versions of the [defendant's product] do not play the same verbal message in each of the silent periods between the groups of tones"; so the defendant's product doesn't infringe any of these five claims.

All but claim 4 of the '780 patent also depend in part on my construction of the "group 5" claim terms, ECF No. 152 at 4–6, in which I held that the patents "describe an alarm system in which the location, language, and radio-frequency code are programmed by the user's manipulating hardware in the form of physical switches, wires, jumpers, and the like," and so do not describe an alarm programmable by software. *Id.* at 6. Again the plaintiffs concede that "all variations and versions of the [defendant's product], to the extent they perform the recited functions, do so using software, not just hardware"; the defendant's product therefore doesn't infringe any of these claims either. And so no claims are left in the case.

To summarize, I DENY the plaintiffs' motion [157], GRANT summary judgment to the defendant on all claims, and ORDER the clerk of the district court to enter a final judgment of (A) invalidity of claims 6 and 16 of the '780 patent; and (B) non-infringement of all of the remaining claims (claim 20 of the '310 patent; claim 38 of the '424 patent; claim 4 of the '780 patent; claims 10 and 22 of the '798 patent; and claim 7 of the '040 patent).

*[signature: Richard A. Posner]*

United States Circuit Judge

June 24, 2014